A. Pusatere, Appellant, v. H. D. Darnell, Appellee.

Gen. No. 9,267.

526

[redacted]

Opinion

filed August 30, 1938.

CHARLES E. and FREDERICK H. LAUDER, both of Mon-mouth, for appellant.

L. H. HANNA, of Monmouth, for appellee.

MR. JUSTICE HUFFMAN delivered the opinion of the court.

On August 31, 1929, the parties hereto entered into a written lease by the provisions of which appellant leased certain business property in the city of Monmouth to appellee for a period of five years from the above date, at a stipulated monthly rental of $175 per month. Prior to that date, appellee was occupying the premises under an oral lease from appellant. The written lease authorized a confession of judgment upon instalments of rent as often as defaults in the payment thereof should occur. Appellee continued to occupy the premises for about three and one-half years following the execution of the written lease. On June 3, 1933, by virtue of the warrant of attorney contained in the lease, a judgment by confession was taken by appellant against appellee in the circuit court of Warren county, for the rent then claimed due and unpaid. This judgment was opened up and the appellee was permitted to plead. A trial by jury resulted in a verdict in favor of appellee. The appellant prosecuted

an appeal to this court from the judgment upon the verdict (*Pusatere v. Darnell,* 279 Ill. App. 647 [Abst.]).

Appellee vacated the premises on June 2, 1933. The above judgment was taken against him by appellant for claimed arrearages prior to the month of June, 1933, and for the rental due for the said month of June, 1933, the lease providing that the monthly rental was payable in advance. In that case it was claimed by the appellee that he had paid various sums of rental for the months in question, prior to his vacating the premises, which sums of rental he claims the appellant agreed in each instance to accept in lieu of the stipulated rental provided for in the lease. The jury accepted appellee's contention in this respect and returned its verdict in his favor. This court in that case permitted the contention of appellee that the reduced monthly payments had been accepted by appellant in lieu of the rental agreed upon, to stand, on the theory that each of them constituted an executed agreement (*Levy v. Greenberg,* 261 Ill. App. 541); but that when appellee abandoned the premises on June 2, 1933, without the payment of the rent for that month, that he, by the terms of the lease, was obligated on the date of the judgment for the rental for that month, as provided for in the lease, the lease not having then expired. The judgment of the circuit court was reversed and judgment entered in this court in favor of appellant and against appellee for the amount of $175 as rental for the month of June, 1933, as provided for under the terms of the lease, together with appellant's attorney fees as provided by said lease.

On July 5, 1935, appellant took the present judgment by confession against appellee under the lease, for the unpaid rental from July 1, 1933, to August 31, 1934, the expiration date of the lease, together with his attorney fees as provided for therein. Appellee again filed motion to open up the judgment and for leave to plead, which motion was granted. The cause

was heard by the court and judgment entered vacating the judgment by confession previously taken on July 5, 1935, and with judgment for defendant appellee. The appellant prosecutes this appeal from the judgment of the trial court, and the case is now before this court for the second time, but for a different rental period.

In the previous case before this court it was held, "that where a lease, under seal, fixes a certain amount of rent to be paid each month, a parol agreement changing the amount of rent to be paid for the unexpired term and leaving the lease in other respects unchanged and in force, is not binding upon the lessor, and he will, notwithstanding such parol agreement, be entitled to recover the amount of rent called for by the lease." Citing *Chapman v. McGrew,* 20 Ill. 101; *Loach v. Farnum,* 90 Ill. 368; *Barnett v. Barnes,* 73 Ill. 216; *Davidson v. Dingeldine,* 295 Ill. 367; *Goldsborough v. Gable,* 140 Ill. 269; *Snow v. Griesheimer,* 220 Ill. 106. It was there held that such agreements were executory, without any consideration, a mere *nudum pactum,* and not binding upon the lessor. It was also there held that, "the agreement for a reduction was still executory as to subsequent rent, and the payments made would be but invalid ratifications and repetitions, so far as the contract remained executory, of an invalid promise and would stand on the same footing as the promise itself." The conclusion reached by this court in the former case was, that the claim by appellee that the appellant agreed to receive a less amount each month for rent than the amount specified in the lease, was without consideration to support it and but a mere *nudum pactum* and not susceptible of being enforced as to any subsequent month's rent, and that nothing had occurred between the parties to work an equitable estoppel against appellant.

Appellee in this present suit sought to make other defenses to the rental contract than those urged in the first case. These defenses, if they existed, existed prior to the time of the bringing of the first suit, because they are all based upon matters claimed to have occurred prior to the time appellee vacated the premises. This action is based upon the same rental contract as the first action and is between the same parties, and the subject matter and obligation alleged against appellee is of the same origin as that in the first suit. When a second case is between the same parties as the first, and based upon the same cause of action, the judgment in the former case is conclusive in the latter, not only as to the questions which were decided in the first case, but also as to all other matters which were open to consideration and which the parties might have litigated and had determined. *South Park Com'rs v. Montgomery Ward & Co.,* 248 Ill. 299, 312; *Commercial Loan & Trust Co. v. Mallers,* 242 Ill. 50, 53; *Wood v. Maxwell,* 238 Ill. App. 597, 599. The new matters of defense sought to be urged by appellee were fully known to him prior to the first suit. The fact that he did not urge them at the former trial avails him nothing at this time, as he might have done so had he seen proper. "The questions that are *res judicata* are not confined to those raised and insisted on at the former adjudication, but they embrace also those which were involved in the issue and might have been properly insisted on." *Gross v. People,* 193 Ill. 260, 263.

This court speaking through Mr. Justice Dove, held the lease binding in the former case, and judgment was rendered in this court for the rental then due in accordance with the terms of the lease. The former suit was brought upon the same lease upon which the present action is brought, and was between the same

parties. The fact that this suit is for different and subsequent instalments of rent does not deprive appellant from urging *res judicata* against appellee with reference to the validity of such lease, and all questions concerning the validity thereof which might have been raised and determined in the former suit. *Louisville N. A. & C. Ry. Co. v. Carson,* 169 Ill. 247.

Appellee filed his motion in this case to dismiss the appeal, based upon two principal grounds, the first being that the abstract did not show filing, and date of filing, of notice of appeal, nor the filing of praecipe for record, or service thereof on appellee. Appellants amended p. ˚20 of the abstract, supplied by leave of this court, sets forth the above matters and thus obviates such objections. Appellee next urges by his motion, that the report of proceedings should be stricken because the same were in the custody of appellant's attorneys from October 27, 1937, to November 10th following, before the same were filed in the office of the clerk of the trial court. It appears that appellant perfected his appeal in the manner prescribed by statute. The record was large and an extension of time was secured for the filing thereof. The record was filed well within the time required. It appears here that the original copy of the record was used for the purpose of appeal, and that no copy thereof was prepared. A short record was filed in the office of the clerk of this court on September 14, 1937, and the record proper was filed on December 10, 1937. The case was heard in this court on June 14, 1938, one of the days of the May term, 1938. Therefore, appellee had ample opportunity to withdraw the record from this court if desired. However, his brief appears to be full and complete and no objection is made that he did not have sufficient opportunity to resort to the record. When an appellant perfects an appeal to this court in the manner prescribed by statute, this court

has no power to arbitrarily dismiss such appeal. The motion of appellee is therefore denied.

The judgment herein is reversed and this cause remanded with directions that the circuit court of Warren county enter a judgment that the judgment by confession as heretofore taken on July 5, 1935, shall stand in full force and effect as of the date entered.

· *Reversed and remanded with directions.*