Beth Scofield, Plaintiff-Appellant, v. Louis I. Behm, et al., Defendants-Appellees.

Gen. No. 65–16.

Second District.

October 25, 1965.

Rehearing denied November 10, 1965.

Paul E. Hamer, of Northbrook, for appellant.

Finn & Geiger, of Waukegan (Fred H. Geiger, of counsel), for Joseph N. Sikes, appellee.

ALLOY, P. J.

This is an appeal from an order of the Circuit Court of Lake County allowing a motion to dismiss a complaint filed by Plaintiff Beth Scofield to recover damages for an alleged breach of contract by Defendant Behm and for alleged interference with said contract by Defendants Sikes and Kidera. Defendant Behm had filed a motion for summary judgment which the trial court allowed. A notice of appeal had been filed from said decision but the record on appeal was never pre-

pared and notice of appeal was stricken by order of court. Defendant Kidera filed a motion to dismiss which motion is still pending in the trial court, so that we have before us only the action of the court in allowing the motion to dismiss which was filed on behalf of Defendant Joseph N. Sikes.

Motions to dismiss the appeal as well as motions to strike were filed by the respective parties to this action and were taken with the case for consideration. Such motions are denied and since they raise no questions of significance it is of no value to discuss the motions in detail. It should be observed, however, that in conjunction with the motion to dismiss the appeal, Defendant has requested the allowance to Defendant Joseph N. Sikes of the sum of $1,500 as attorney's fees and costs in defending himself against vexatious and public harassment on part of the Plaintiff and her attorney in filing the instant appeal. Despite the conclusion of this court in disposition of this cause, we feel there is no basis for allowance of attorney's fees in this action and accordingly are denying such request.

The present action is one of a series of cases which have been filed by the Plaintiff in which Plaintiff claims she was defrauded, due to a conspiracy between her mortgagee, his attorney, and her agent, preventing her from redeeming from a judicial sale of foreclosed real estate.

On July 18, 1960, Defendant Edward J. Kidera was the owner and holder of a certificate of sale to certain real property, with the equity of redemption being held by Plaintiff Beth Scofield. Plaintiff, with the assistance of Defendant Louis I. Behm, made certain efforts to either redeem or purchase the certificate of sale but these efforts were unsuccessful before the expiration of the period of redemption. On July 22, 1960, Plaintiff petitioned the Circuit Court of Lake County in one

case, requesting a finding that the property had in fact been redeemed and alleging that Defendant Kidera had made certain false representations that he would assign the certificate of sale to Plaintiff or her agent, and that said representations were made with the intent of defrauding Plaintiff. On January 3, 1962, the Circuit Court of Lake County entered an order in that case finding that Plaintiff had failed to prove her allegations of her second amended petition in such action and denying the relief sought.

On January 8, 1962, Plaintiff and Defendant Louis I. Behm entered into an agreement whereby Plaintiff agreed to release the Defendant Louis I. Behm from any and all liability surrounding his participation in the transactions referred to in exchange for the sum of $1,500 paid to the then acting attorney for Plaintiff. Following an appeal from the order of January 3, 1962, on January 8, 1963, the Second District Appellate Court affirmed the decision of the Circuit Court (in 39 Ill App2d 21) and found that the testimony fell far short of supporting Plaintiff's allegations and charges and stated that from the record it was apparent that Plaintiff herself never desired to redeem from the Master's sale.

In the meantime, in another lawsuit filed on July 18, 1962, in the Circuit Court of Lake County, Plaintiff alleged that Defendants Edward J. Kidera, Louis I. Behm and Joseph N. Sikes, who had previously been acting as attorney for Edward J. Kidera had conspired to defraud her of her property. Defendants Behm and Sikes filed motions supported by affidavit based on the release executed by Plaintiff on January 8, 1962. Defendant Kidera filed a motion alleging that the decision in the previous case was res judicata on all issues. No counteraffidavits were filed by Plaintiff. On December 14, 1962, the Circuit Court dismissed the cause on the basis of Defendants' motions. At the same time

143

the court allowed Plaintiff's counsel to withdraw because of a dispute between Plaintiff and her counsel as a result of an interpretation of the release given by Behm. On January 11, 1963, Plaintiff by new counsel filed a petition to vacate the order of December 14, 1962. After argument this petition was denied on July 26, 1963.

On December 30, 1963, Plaintiff filed the instant case as against the same three Defendants alleging substantially the same matters as were alleged in the previous case, and on June 10, 1964, the Circuit Court of Lake County entered an order finding that the case was res judicata as applied to Defendant Behm. Thereafter, Plaintiff filed her petition for leave to appeal pursuant to Section 76 of the Civil Practice Act and on October 6, 1964, the Appellate Court entered an order denying Plaintiff's petition for leave to appeal. That order was appealed to the Supreme Court and the appeal was dismissed on motion of Defendant Sikes. On that same day (October 6, 1964) the notice of appeal was filed in the instant case.

In the order from which this appeal is taken, the court recites that on July 26, 1963, in a certain cause pending between the parties, a decree was entered by a Judge of the Circuit Court finding that Plaintiff had executed a document which was a full release and that said full release was a release as to all Defendants. The court also made a finding that the complaint and amended complaint in all three cases filed by Plaintiff, although differing in the number of paragraphs, have in certain of the wording and phraseology set forth the same cause of action arising out of the same transaction. The court also found that the original cause filed by the Plaintiff was decided adversely to her and was appealed and that the ruling of the lower Court was sustained on all points. The court then entered an order sustaining the motion to dismiss the complaint.

144

Plaintiff contends on appeal in this cause that the doctrine of res judicata is not applicable to the case at bar. The Plaintiff also further theorizes that the purported release was not a bar to the instant action as being either void, voidable or if valid constitutes a covenant not to sue only applicable to Defendant Behm or that the release, if valid, should be rescinded. Plaintiff also contends that the trial court erred in allowing the motion since the pleadings show that there was a genuine issue of a material fact.

■ In this connection, Plaintiff refers to the basic principles recited in many cases that in order for the doctrine of res judicata to apply there must be an identity of parties, subject matter, issues, causes of action and relief sought, and where the second action, although between the same parties is on a different cause of action, claim or demand, a judgment is conclusive only as to such issues or questions which were actually litigated and determined therein.

It appears from the record that the contract between Louis I. Behm and the Plaintiff specifically recites that Plaintiff "does hereby release Louis I. Behm from any and all liability surrounding his participation in a transaction relating to the redemption of a certain 15-acre tract of land . . . and from any claim, demand or cause of action which he has now or may in the future have as against said Louis I. Behm for, as a result of, or growing out of said transaction." There was a recital in the release that it is conditioned upon the agreement of Behm to testify in any future action or proceeding by Plaintiff or parties in privy with her against Kidera or Sikes.

Defendant on appeal in this court urges that the agreement of January 8, 1962, is a release and if there were any unenforceable portions, they were severable and that there was no question of material fact which could arise in the construction of said release. Defend-

145

ant also states that a prior successful defense relating to the subject matter is a defense to all matters which might have been litigated but were not raised in the previous case in the Circuit Court of Lake County. It was pointed out that the Circuit Judge in the prior case had found the agreement to be a full and complete release of all alleged joint tort feasors, namely, Sikes, Kidera and Behm.

■■ On the strength of the recent case of Skolnick v. Martin et al., 32 Ill2d 55, 203 NE2d 428, and other related cases, Defendant contends that the prior successful defense relating to the same transaction bars the relief sought by Plaintiff in her complaint. Defendant points out that the Appellant's brief in the Supreme Court in their proceeding where the appeal was dismissed is substantially identical with the brief and contentions made in this case. A comparison of the complaints in the respective cases shows that (although differing in the number of paragraphs) the complaints set forth the same cause of action arising out of the same transaction. Defendant contends that regardless of any new theory, the proper principle of law is set forth in the case of Skolnick v. Martin, et al., 32 Ill2d 55, at page 57, 203 NE2d 428, where the Court recites: ". . . we have held that identity of cause of action depends upon identity of transaction or occurrence." In the course of allowing the motion to dismiss, the trial court in the instant case found that the three complaints it had before it all stated the same cause of action and arose out of the same transaction. As stated in the Skolnick case at page 59, "Indeed, it is the express direction of section 4 that the act shall be liberally construed to the end that controversies may be speedily and finally determined (Ill Rev Stats 1961, c 110, par 4). Certainly the elimination of repetitious suits and the relief of courts and litigants alike from the unnecessary burden

146

of trying the same issues pending in another action are consistent with the purpose and the spirit of the Civil Practice Act, and it can hardly be said that actions for the same cause filed in the Federal Courts or those of our sister states are less repetitious or burdensome than those filed within our own jurisdiction." As stated in Dorland v. Steinbrecher, 50 Ill App2d 344, at 347, 200 NE2d 424, Defendant cannot avoid the bar of the prior judgment by changing the wording of what he says he acquired under the assignment or describing different materials furnished. To hold otherwise would violate the fundamental rule against splitting of causes of action. In that case the court emphasized that the principle not only embraces what was actually determined, but also extends to every other matter which the parties might have litigated in the case. The rule is founded upon the plainest and most substantial justice that litigation should have an end and that no person should be unnecessarily harassed with a multiplicity of suits.

■■ It is contended by Defendant that Plaintiff simply attempts to avoid the binding nature of these decisions by injecting new theories and correctly points out that a comparison of the pleadings in the cases show that no new facts were alleged and that the contentions are substantially those previously made. All of the matters asserted by Plaintiff in the current cause of action were clearly discoverable, if not already known, at the time of the first appeal. Matters which might have been litigated within the scope of the previous actions are clearly concluded by virtue of the failure of Plaintiff to raise them earlier (Godschalk v. Weber, 247 Ill 269, 93 NE 241), and the identity of the subject matter is the key as to whether such a bar in the nature of res judicata or estoppel should exist (Smith v. Womack's Estate, 17 Ill App2d 264, 149 NE2d 778).

147

■■ It is apparent from the record that there has been a prior determination of the issue now before us based on substantially identical facts. As stated in Florasynth Laboratories v. Goldberg, 191 Fed2d 877, at 880, it is fundamental that material facts and questions judicially determined in one action by a judgment, may not be tried in a subsequent action between the same parties or their privies, whether the second action is upon the same or a different cause of action from the earlier cause of action.

Upon the review of the record in this cause it is apparent that the order of the trial court allowing the motion to dismiss as to Defendant Sikes was proper and should be affirmed.

Affirmed.

STOUDER and CORYN, JJ., concur.