(No. 42768.—

THE CITY OF CHICAGO, Appellee, *vs.* KENNETH GREENE, Appellant.

*Opinion filed November 17, 1970.*

THOMAS J. GRIPPANDO, MICHAEL WEISZ, and RICHARD WEISZ, all of Chicago, for appellant.

RICHARD L. CURRY, Corporation Counsel, of Chicago, (MARVIN E. ASPEN and DANIEL PASCALE, Assistants Corporation Counsel, of counsel,) for appellee.

Mr. JUSTICE WARD delivered the opinion of the court:

A fine of one hundred dollars was imposed after the defendant, Kenneth Greene, was found guilty of disorderly conduct in violation of section 193(d) of the Municipal Code of the City of Chicago, following a bench trial in the circuit court of Cook County. Raising constitutional questions he has appealed directly to this court.

On the evening of August 25, 1968, a large crowd had gathered in an area of Lincoln Park in Chicago. A Chicago Police Department "incident team," composed of a sergeant and ten patrolmen, was stationed at the park fieldhouse to protect it from damage. At about 8:45 P.M. a crowd of approximately 500 encircled the building and the officers. Sergeant Thomas Kelley, who was in command, testified that several members of the crowd began throwing objects, such as half-bricks, flash bulbs, rocks and lighted cigarettes at the police. When another team reinforced his unit, Sgt. Kelley testified that he told the crowd that it was disorderly and ordered it to disperse. When the crowd ignored this and a second order to disperse, he said that he directed his officers to move against the crowd. The officers did so and forced it back to a position approximately 75 feet from the fieldhouse.

Officer John Elliott, the arresting officer, testified that at 8:45 P.M. he was at the south end of the line of officers stationed along the fieldhouse. He said the defendant was facing the police line and standing behind the first row of the crowd. When the crowd began its retreat in response to the movement of the officers the defendant was

requested to move by several officers, including Officer Elliott, but he refused. Elliott then told the defendant "to leave or he would be arrested." He again refused and was placed under arrest. At the time the officer placed the defendant under arrest about 10 or 15 persons in the immediate vicinity who had been throwing objects at the police were arrested by other officers.

The defendant, Kenneth Greene, testified that he had entered the park with his girl friend to meet some friends. He said that while walking toward the area where he was to meet his friends he noticed policemen at the fieldhouse with a group of people around them. He was, he testified, about 100 to 150 feet from this group when it suddenly began moving to the west toward him with the police in pursuit. He said he continued to walk in the direction of a nearby water fountain. At the fountain a police officer directed him to leave the park. He said that he took his girl friend by the hand and began to walk from the officer. He was again ordered to "move" and when he apparently did not move quickly enough, he said he was struck and later knocked to the ground. He was then arrested.

The defendant argues that section 193—1(d) of the Municipal Code of the City of Chicago is unconstitutional on its face, and as applied, because it is vague and overly broad. He says, too, that his right to due process was infringed, since there was no evidence that the defendant violated the ordinance, that is, that he failed to disperse at a time when "three or more persons [were] committing acts of disorderly conduct in the immediate vicinity * * *." He also maintains that even if this court should find that the ordinance was constitutional and that his constitutional rights were not violated, the trial court committed reversible error by having him brought to trial more than 120 days after his demand for trial and in allowing the City of Chicago to amend its complaint at trial after testimony had been given.

Initially, we must observe that we do not find merit in the City's contention that the appeal should be dismissed for failure to file a timely notice of appeal. The appellee argues that the post-trial motion of the defendant was not filed within the required 30 days and, therefore, the requirement to file a notice of appeal within 30 days to preserve questions for appeal was not tolled. However, while the post-trial motion was filed 31 days after judgment, the 30th day was a Sunday and, hence, the filing of the motion on Monday was timely. (See *Pettigrove* v. *Parro Construction Corp.*, 44 Ill. App. 2d 421 and Ill. Rev. Stat. 1969, ch. 131, par. 1.11.) The issues not raised in the defendant's original post-trial motion but raised by the subsequent post-trial motions of the defendant could have been regarded as a supplement or amendment to his original post-trial motion and it was properly within the discretion of the trial court to have allowed the defendant leave to file such subsequent motions. See *Kagan* v. *Kitchens of Sara Lee, Inc.*, 20 Ill. App. 2d 303 and *Thomas* v. *Rossetter*, 339 Ill. App. 647.

The part of section 193—1 with which we are concerned provides: "A person commits disorderly conduct when he knowingly: * * * (d) Fails to obey a lawful order of dispersal by a person known by him to be a peace officer under circumstances where three or more persons are committing acts of disorderly conduct in the immediate vicinity, which acts are likely to cause substantial harm or serious inconvenience, annoyance or alarm; * * *."

This court in *City of Chicago* v. *Fort*, 46 Ill.2d 12, recently upheld the constitutionality of this section of the ordinance. The defendant seeks to avoid the force of that decision by arguing that in *Fort* the defendants were engaged in unlawful activities at the time they were ordered to disperse, whereas here the defendant at the time of the dispersal order was engaging in lawful activity. The conclusion we are asked to draw is that the ordinance was unconstitutional as applied to the defendant.

However, in weighing a resembling argument in *Fort* we said: "The defendants next argue that 'the ordinance permits convictions without any unlawful conduct and in so doing denies a person so charged * * * due process of law.' But such an argument overlooks the fact that refusal to obey a police order to disperse where three or more persons are committing acts of disorderly conduct in the immediate vicinity is itself unlawful conduct within the ordinance. In order to prevent public disturbances from escalating it is often necessary for the police to order persons congregated in the immediate vicinity of a disorder to disperse. We see no constitutional infirmity in a narrowly drawn ordinance which permits the police to arrest those who fail to comply with such an order, whether they are spectators or participants in the underlying disturbance." 46 Ill.2d at 15.

Thus, the offense arises from a failure to heed an order to disperse when others, as described, are engaged in disorderly conduct and it is not necessary that the person consequently charged was engaging in other acts of disorderly conduct.

The contention of the defendant that there was not sufficient evidence that three or more persons were committing acts of disorderly conduct at the time he was arrested is overcome by the record. It is clear and not contested that three or more persons in the crowd of approximately 500 were hurling objects at the police officers. There was testimony that at the time the defendant was arrested about 10 or 15 persons in the immediate vicinity of the defendant were arrested after they had thrown half-bricks and other objects at the officers. Here, as in *City of Chicago* v. *Jacobs,* 46 Ill.2d 214, there clearly were three or more persons in the crowd engaged in disorderly and illegal activity.

However, the defendant argues, too, that as the trial judge said: "Any evidence about other people at that time and place I disregarded," he must have believed that it was

not necessary that other persons in the immediate vicinity of the defendant were engaging in acts of disorderly conduct in order for the defendant to be guilty of violating the ordinance. But we consider after examining the record that it is clear that the comments of the court related only to the court's wish to determine, uninfluenced by the conduct of others in the group, whether the defendant refused to obey an order to disperse under circumstances required by the ordinance. It is clear, as has been stated, that three or more persons were engaging in acts of disorderly conduct at the time the defendant was ordered to disperse.

The defendant argues, too, that as he did not secure a trial until 126 days after his demand for trial he was entitled to dismissal, having not been tried within 120 days of such demand as section 103—5(b) of the Criminal Code (Ill. Rev. Stat. 1967, ch. 38, par. 103—5(b)) required. This argument proceeds on the assumption that the rules of criminal procedure should govern proceedings in cases involving municipal ordinance violations, although the defendant acknowledges there is authority to the contrary. See *City of Highland Park* v. *Curtis*, 83 Ill. App. 2d 218.

We need not address ourselves to the validity of the contention, as we consider it would be inappropriate to entertain it in this case. The defendant prior to trial had submitted interrogatories to the City, invoking Rule 213 of this court's "Rules on Civil Proceedings in the Trial Court." (43 Ill.2d R. 213.) The trial court ordered the City to answer the interrogatories. Having advantaged himself of the civil rules we do not consider as a question of policy that he could properly then revise his theory of the nature of the proceeding and invoke an advantage appearing on a theory that a true criminal proceeding was involved. The trial court could not have been expected to accommodate both of the theories on which the defendant was attempting to proceed.

The defendant also complains of the amendment of the City's complaint after testimony at the trial had been re-

ceived. It is clear from the record that the defendant was aware before trial that the basis of the City's complaint was that a violation of section 193—1 (d) of Municipal Code of Chicago and not of section 193—1 (a) had been committed. It is also admitted by the defendant that leave to amend the complaint to allege a violation of section 193—1 (d) had been granted to the City by the court before trial and that only the formal changing of the complaint occurred after the first witness had testified. The defendant does not allege or show any prejudice sustained by this action. We do not find any error in the trial court's conduct.

The judgment of the circuit court of Cook County is affirmed.

*Judgment affirmed.*