(No. 43560.—■■■■■■■■)

THE CITY OF CARBONDALE, Appellee v. PAUL M. GROSE *et al.*, Appellants.

*Opinion filed September 30, 1971.*

RYAN, J., dissenting.

MARTHA M. JENKINS, of Cairo, for appellant.

RON L. BRIGGS, City Attorney, of Carbondale, for appellee.

MR. JUSTICE KLUCZYNSKI delivered the opinion of the court:

The defendants, Paul Grose, Thomas Hinton and Edward Kozuch were found guilty in bench trials in the circuit court of Jackson County of unlawful

assembly (Mun. Code of City of Carbondale, section 21–59) and each was fined $50 plus costs. The defendants bring a consolidated appeal.

The City of Carbondale ordinance prohibits the gathering of any assembly of five or more persons "by any outcry, harrangue, [sic] loud talk, or other loud or unusual noise," and further provides that "any person who is in an assembly of five or more persons and refuses or fails to disperse upon the order of any public officer shall be guilty of a misdemeanor."

Each defendant contends that he was denied due process of law because there was no evidence introduced at trial which proved that any of the defendants violated the Carbondale ordinance. The evidence introduced by the prosecution was that on the night of May 11, 1970, in an area adjacent to Southern Illinois University, a crowd of people gathered. Certain members of this crowd began using loud and abusive language and throwing objects at police cars in the vicinity, despite police warnings to disperse. Finally, between 8:30 and 8:45 P.M. the police acted to stop the disturbances by forming a police "box" consisting of four police lines around the area. Approximately five minutes before the police began their arrests, a final warning to leave the area was given by an officer using the loud speaker in a police vehicle, and those who wished to leave were allowed to do so. The police then began to arrest those within the police lines, including the defendants. No evidence was introduced at the defendants' trials which showed that any of them were involved in the rock throwing or the use of abusive language directed at the police. Nor were there any witnesses who identified any of the defendants as being in the crowd responsible for the disturbances. The only evidence produced by the municipality which proved the defendants' presence in the area were the arrest records

that were filled out in the Carbondale police station shortly after the arrests. On cross-examination one of the arresting officers testified that several stores in the area were open and that possibly innocent people may have been arrested.

Defendant Grose testified that he arrived in the area shortly before his arrest on his way to a drive-in restaurant which he found was closed. As he began to walk away from the restaurant he was caught in the police "box". Grose denied ever hearing a dispersal order given by the police. A defense witness corroborated the defendant's testimony as to Grose's arrival, stating he had driven the defendant to the area at approximately 8:00 P.M. that evening, and when he returned he saw the defendant under arrest.

Defendant Hinton testified that he drove into the area between 8:00 and 8:30 P.M. that evening to visit friends whom he found were not there. He then went to the drive-in restaurant and finding it closed, entered a telephone booth to make a phone call. As he was dialing the number, a police officer pulled him from the booth and escorted him to a group who were being placed under arrest. Defendant denied ever hearing the police dispersal order. Two defense witnesses testified that they saw defendant being taken from the telephone booth.

Defendant Kozuch testified that he entered the area to find his roommates who he believed were visiting friends. Being informed his roommates were not there, defendant left at approximately 8:30 P.M. to visit another acquaintance who lived a short distance away. As he was walking to this apartment, he found himself in the midst of people running from the police. The defendant denied that he heard the police dispersal order and he testified that he did not see any police officers until immediately before his arrest.

"Although a trial court's holding is always subject

to review, this court will not disturb a trial court's finding and substitute its own opinion unless the holding of the trial court is manifestly against the weight of the evidence. [Citations.] Underlying this rule is the recognition that, especially where the testimony is contradictory, the trial judge as the trier of fact is in a position superior to a court of review to *** weigh the evidence and determine the preponderance thereof." *Schulenburg v. Signatrol, Inc., 37 Ill.2d 352, 356.*

In deciding the issue, we must first determine which portion of section 21–59 was the basis of the conviction. The testimony here indicates that there was a large number of people in the area when the arrests took place and that they had gathered prior to the arrival of the defendants in the area. We must assume the trial judge found the defendants guilty of unlawful assembly becasue they failed to disperse when ordered by the police, for we find there was proof lacking that the defendants caused an assembly to gather "by any outcry *** or other loud or unusual noise." However, there is no contradictory evidence in the instant case that any of the defendants ever heard the police warning. Nor is there sufficient evidence to show that the defendants could have heard the police directive to disperse.

This situation is not similar to facts which occurred in the *City of Chicago v. Jacobs, 46 Ill.2d 214,* or *City of Chicago v. Joyce, 38 Ill.2d 368,* where it was definitely established that the defendants heard the police order to disperse. Nor is this case similar to *City of Chicago v. Greene, 47 Ill.2d 30,* where a police officer testified that the defendant was in the crowd causing the disturbance and refused to move after being specifically ordered to do so. (See also: *City of Chicago v. Fort, 46 Ill.2d 12.)* Furthermore, a police officer admitted the possibility that innocent people

may have been arrested during this particular incident. In view of these factors we hold that each defendant was adjudged guilty contrary to law.

The defendants also raise constitutional issues concerning the Carbondale ordinance and the sufficiency of the complaint charging them with unlawful assembly. Because of our disposition of the first issue, however, we do not find it necessary to consider the other issues in this case. *Osborn v. Village of River Forest, 21 Ill.2d 246.*

For the foregoing reasons, the judgments of the circuit court of Jackson County are reversed.

*Judgments reversed.*

MR. JUSTICE RYAN, dissenting:

In reviewing the evidence, I cannot agree with the conclusion of the majority that there is no contradictory evidence "that any of the defendants ever heard the police warning." The evidence shows that the order to disperse was read over the public address system on a police vehicle as it circled the block and that this was done five minutes before the arrests were made. The fact that the defendants testified that they did not hear the dispersal order created only a question of credibility with regard to their testimony which the trial court resolved adversely to them. *(City of Chicago v. Jacobs, 46 Ill.2d 214.)* We must accept the trial court's findings, unless this court is willing to violate a well established principle and substitute its determination as to whether or not these statements of the defendants are worthy of belief. Having accepted the finding of the trial court on this subject we can then move on to the issue which brought the appeal to this court, the constitutionality of the city ordinance. For this reason I cannot agree with the majority opinion.