THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
EVERETT NORMAN, Defendant-Appellant.

Second District (2nd Division)    No. 76-135

Opinion filed December 21, 1976.

Ralph Ruebner and Michael Mulder, both of State Appellate Defender's Office, of Elgin, for appellant.

Gerry L. Dondanville, State's Attorney, of Geneva, for the People.

Mr. JUSTICE RECHENMACHER delivered the opinion of the court:

On May 27, 1975, Everett Norman was indicted in a three-count indictment charging two counts of armed robbery and one count of attempt rape. He appeared in court on September 17, 1975, with his attorney, Mr. Allen Anderson, and entered a plea of guilty. He waived his right to a presentence report and was sentenced to the Department of Corrections for a term of not less than 4 nor more than 10 years.

Defendant, in a letter dated October 19, 1975, requested his trial attorney to file an appeal. Mr. Anderson responded and reminded defendant that the judge had correctly informed him that if he wished to take an appeal he must do so by filing a motion to vacate his guilty plea within 30 days of the date that the sentence was imposed. Mr. Anderson also informed him that he was forwarding his letter to the State Appellate Defender's office in Elgin and directed the defendant that any further

communications and/or inquiries should be made to Mr. Ralph Ruebner, Deputy Defender.

The office of the State Appellate Defender was appointed to represent the defendant on this appeal.

Pending the appeal counsel filed a motion to withdraw, together with briefs in support of said motion, pointing out that the appeal would be frivolous. This court mailed copies of the motion and brief to defendant, granting him leave to file additional points in support of this appeal. Defendant responded by way of a statement to the clerk of the court complaining (1) that he feels that his lineup was unjust and (2) that he had no trial to determine his ability to stand trial "and if I did it was all white."

■■■ As counsel points out, Supreme Court Rule 604(d) states that "[n]o appeal from a judgment entered upon a plea of guilty shall be taken unless the defendant, within 30 days of the date on which sentence is imposed, files in the trial court a motion to withdraw his plea of guilty and vacate the judgment." The defendant's letter to his attorney indicating that he wished to file an appeal was dated October 19, 1975. Therefore Rule 604(d) was not complied with and the appeal must be dismissed.

Also, even if the untimely written letter could possibly be considered as compliance with Rule 604(d), we have considered the appeal on the basis of a review of the entire record as dictated by *Anders v. California* (1967), 386 U.S. 738, 18 L. Ed. 2d 493, 87 S. Ct. 1396, and have considered counsel's motion and brief as well as the defendant's statement. The record discloses no error.

We concur in counsel's statement that a review of the issues set forth would be frivolous.

It is therefore ordered that the motion of the State Appellate Defender for leave to withdraw as counsel for the defendant is allowed, and the judgment of the circuit court of Kane County is affirmed.

Motion to withdraw allowed; judgment affirmed.

GUILD, P. J., and SEIDENFELD, J., concur.