INTERNATIONAL INDUSTRIAL LEASING, LTD., Plaintiff-Appellee, *v.* H. J. COLEMAN AND COMPANY *et al.*, Defendants-Appellants.

First District (1st Division)   No. 76-1321

Opinion filed November 27, 1978.

William Henning Rubin, of Chicago, for appellants.

Joseph B. Platt, of Chicago, for appellee.

Mr. JUSTICE BUCKLEY delivered the opinion of the court:

The parties to this appeal have joined on the issue of whether it was error for the circuit court of Cook County to enter summary judgment on the underlying cause of action, a suit for damages under a contract. However, it is clear from the record presented on appeal that this court is without jurisdiction to reach this issue. On the contrary, the only matter properly before this court is an order entered by the circuit court more than six months after judgment was entered in the original contract action.

Before considering the merits of this order, it is appropriate to explain why this court has no jurisdiction to hear other matters associated with this cause and to present the procedural setting in which the order in question was issued.

Both of these ends may be served by reviewing the progress, if such a term be appropriate, of this cause in the circuit court. The following is a chronology of significant orders and filings as recorded in the record:

On or about January 9, 1974, plaintiff International Industrial Leasing filed a complaint alleging breach of contract and requesting damages. Shortly thereafter, defendants, H. J. Coleman and Co. and Barry H. Flisk, were served and an attorney filed an appearance on their behalf.

On February 20, 1974, an order requiring defendants to file an answer within 10 days was entered by Judge William F. Patterson. On the following May 29, an order was entered by Judge Ben Edelstein granting defendants leave to file a third-party complaint and continuing the cause

until June 28, 1974. On June 28, Judge Edelstein continued the cause by agreement of the parties until November 12 of that year.

Then, on October 4, 1974, plaintiff filed an amended complaint, which pleading was verified. On October 30, plaintiff's motion for entry of a default judgment for defendants' failure to file an answer or otherwise plead was granted by Judge Edelstein.

Within 30 days, defendants filed a motion to vacate the *ex parte* judgment, alleging as grounds inadequate notice. On December 23, Judge Edelstein vacated the judgment and entered an order giving defendants 21 days to file an answer to plaintiff's amended complaint.

On February 10, 1975, defendants filed an answer and a counterclaim in which all of the allegations of the complaint were admitted, but the fraudulent misrepresentations of a third party were asserted as a defense and a basis for rescission of the underlying contract and return of moneys paid under it.

On February 14, Judge Robert G. Mackey entered an order striking a motion in connection with the cause, but the record does not disclose what motion was stricken. On February 20, Judge Mackey continued the cause to May 2, 1975.

On March 4, 1975, plaintiff filed a motion for judgment on the pleadings and summary judgment. On March 19, Judge Bernard B. Wolfe entered an order granting defendants 21 days to answer this motion. On April 30, 1975, Judge Charles J. Durham entered a default judgment for plaintiff.

More than 30 days later, on July 9, 1975, defendants filed a petition to vacate the judgment against them, alleging that it was entered *ex parte* without notice on April 4, which date was incorrect. This petition was signed under oath by defendants' counsel, William Henning Rubin. The record shows that notice of this section 72 petition was sent by ordinary mail to plaintiff's attorney, in violation of Supreme Court Rule 106 (Ill. Rev. Stat. 1977, ch. 110A, par. 106). On the same day, July 9, Judge Durham entered a draft order which, according to the copy filed in the record, set the petition to vacate for "trial" on November 12, but, according to the half-sheets appended to the record, vacated the judgment complained of and set the cause for trial on November 12.

On July 23, plaintiff again moved for summary judgment and judgment on the pleadings as to both the complaint and the counterclaim, and Judge Durham entered an order giving defendants 10 days to file pleadings, and continuing the cause to August 11.

On August 11, defendants, with leave of court, filed their answer to plaintiff's motion. This answer, signed under oath by their attorney, Rubin, basically stated that their answer to the complaint raised material facts and asserted a valid defense.

A series of continuances followed, and on January 7, 1976, Judge George A. Higgins entered summary judgment for plaintiffs.

On March 12, 1976, more than 30 days later, defendants filed a document styled as a motion to vacate the *ex parte* judgment, asserting as grounds that they were unaware of the judgment's entry and that they had a valid defense under the Consumer Products Warranty Act.

The record contains another document of defendants styled as a supplement to the petition to vacate the *ex parte* judgment, which stated in its essence, that defendants had not had a hearing even though they had filed pleadings. The record does not establish when or if this document was filed.

On some day in March, Judge George E. Dolezal entered an order denying the petition to vacate. There followed a series of orders assigning and reassigning whatever cause remained before the court, and then, on May 19, 1976, Judge John E. Bowe entered an order stating simply that the cause was denied.

On June 15, defendants filed a motion, signed and sworn to by Rubin, to vacate the order entered by Judge Bowe, which was characterized as an order denying a hearing on defendants' supplemental petition to vacate, on the grounds that Judge Bowe had misunderstood the issue before him. The motion also sought to vacate Judge Dolezal's order on similar grounds. No notation of this motion appears on the half-sheet appended to the record in this case.

The final action by the circuit court in connection with this case was an order entered on July 2, 1976, by Judge Higgins. That order stated that defendants' motion and section 72 petition to vacate the order of January 7, 1976, is denied; that it is ordered that the half-sheet entry for January 7 be corrected to comply with the order of that date and that it also reflect dismissal of defendants' counterclaim.

On August 2, 1976, defendants filed a notice of appeal of the order of July 2 denying their motion to vacate and striking their section 72 petition, of the order reflected on the half-sheet, of unnamed other orders previously entered, and of the order granting *ex parte* summary judgment to plaintiff.

We begin by noting that the notice of appeal filed by defendants purports to, first of all, appeal the order of summary judgment entered in January, 1976, nearly seven months before their notice of appeal was filed.

■■ However, the timely filing of a notice of appeal is essential to confer jurisdiction upon this court, so that a notice of appeal filed more than 30 days after entry of a judgment of the circuit court is ineffective as to that judgment. *Johnson v. Coleman* (1977), 47 Ill. App. 3d 671, 365 N.E.2d 102; *Norris v. Board of Fire & Police Commissioners* (1975), 30 Ill. App.

3d 224, 332 N.E.2d 553. Also see Supreme Court Rule 303, Ill. Rev. Stat. 1977, ch. 110A, par. 303.

The fact that the defendants had filed a petition to vacate the January summary judgment does not alter this result because such petitions under section 72 of the Civil Practice Act (Ill. Rev. Stat. 1977, ch. 110, par. 72) do not operate to extend the time period for filing a notice of appeal. *Wells v. Kern* (1975), 25 Ill. App. 3d 93, 97, 322 N.E.2d 496; *Oskvarek v. Richter* (1961), 32 Ill. App. 2d 438, 443, 178 N.E.2d 209.

Accordingly, we are without jurisdiction to consider the order of summary judgment mentioned in defendants' notice of appeal. It is worth noting, however, the defendants' arguments on this issue on appeal were confined to the question of whether there was an issue of fact that would render use of the procedural device of summary judgment improper. Because defendants admitted all allegations of plaintiff's complaint in their answer, and merely asserted new allegations of their own as a defense, which were not contradicted by the plaintiff, it is obvious that no issue of fact existed. Accordingly, even if defendants had filed a timely notice of appeal as to this judgment, the sole issue they have raised concerning that judgment is without merit. As a result, the summary judgment would not have been disturbed, even though it was entered upon a single motion for both judgment on the pleadings and summary judgment, a practice which has been criticized by the Illinois Supreme Court. *Janes v. First Federal Savings & Loan Association of Berwyn* (1974), 57 Ill. 2d 398, 312 N.E.2d 605.

■ Also beyond the reach of review are the unnamed orders mentioned in defendants' notice of appeal. The scope of this court's jurisdiction is fixed by the notice of appeal (*Wells v. Kern*), and such vague language, which violates the requirement of Supreme Court Rule 303 that a notice of appeal specify the orders or judgments appealed, is insufficient to confer jurisdiction upon this court to review whatever matters defendants intended to appeal. Moreover, because defendants' notice of appeal was filed 31 days after the entry of the July 2, 1976, order, and no orders were entered after July 2 by the circuit court, this vague language can refer only to orders entered prior to July 2, and thus more than 31 days prior to filing of the notice of appeal. As a result, defendants' notice of appeal was not timely with respect to any such orders, and for the same reasons that we are without jurisdiction to review the January 7, 1976, summary judgment, we would be without jurisdiction to consider any such orders. In any case, defendants have not in their brief addressed any such orders.

■■ The remaining matter mentioned in defendants' notice of appeal is the July 2, 1976, order denying their motion to vacate, striking their section 72 petition to vacate the January 7 summary judgment, and amending the half-sheet entries for January 7. Although the notice of

appeal was filed 31 days after this order was entered, it was timely with respect to that order because the 30th day after entry of that order was a Sunday, and therefore is not counted in computing the period for filing a notice of appeal. *City of Chicago v. Greene* (1970), 47 Ill. 2d 30, 264 N.E.2d 163, *cert. denied* (1971), 402 U.S. 966, 29 L. Ed. 2d 162, 91 S. Ct. 2180.

In considering the issues raised regarding this order, which are the only issues properly before this court, we note that, although both the July 2 order and defendants' notice of appeal speak of a motion to vacate as well as a section 72 petition to vacate, this language can refer to only one matter. If the term motion to vacate were intended to refer to a motion under section 50(5) of the Civil Practice Act (Ill. Rev. Stat. 1977, ch. 110, par. 50(5)), to vacate the January 7 order of judgment, no such motion was filed within the 30-day period for doing so. Likewise, such language cannot refer to any motion to vacate the orders of Judges Bowes and Dolezal because the July 2 order denied the motion it refers to, yet by the very entry of an order regarding that motion, Judge Higgins impliedly granted defendants' motion to vacate earlier orders disposing of it.

■ It must be concluded that both the order of July 2 and defendants' notice of appeal adopted this wording in order to refer to both documents filed by defendants in March 1976, one of which styled itself as a motion to vacate, and the other of which styled itself as a supplement to a petition to vacate. Because both were filed more than 30 days after the judgment complained of, they are necessarily requests for section 72 relief. *Goldstick v. Saporito* (1974), 22 Ill. App. 3d 621, 317 N.E.2d 774.

Accordingly, the first issue presented with respect to the July 2 order may properly be stated as whether there exists a ground for a reviewing court to vacate the portion of that order striking defendants' two-part section 72 petition to vacate the summary judgment entered on January 7. Such action on review would require a determination that the circuit court's action constituted an abuse of discretion, because a section 72 petition is addressed to a court's equitable powers and the granting or denial of such a petition is within the discretion of the court to which it is addressed. *Electrical Wholesalers, Inc. v. Silverstein* (1977), 47 Ill. App. 3d 689, 365 N.E.2d 375.

■ In the present case, however, defendants' petition was entirely without merit. Whereas a section 72 petition, to be meritorious, must assert that the petitioner has a meritorious defense, which through no fault of the petitioner was never heard (*Electrical Wholesalers, Inc. v. Silverstein; Old Rose Distributing Co. v. Kallas* (1973), 14 Ill. App. 3d 740, 303 N.E.2d 206; *Frandsen v. Anderson* (1969), 108 Ill. App. 2d 194, 247 N.E.2d 183), defendants failed to even recite in the most vague language that they were not at fault in failing to bring their supposedly meritorious defense to the court's attention prior to the entry of summary judgment in

plaintiff's favor. Their March 12 document merely asserted that they were unaware of the entry of judgment against them, and the document contained in the record which styles itself as a supplement to a petition to vacate merely states that defendants had not had a hearing despite their filing of pleadings. Neither of these documents asserts diligence on their part or any other excuse for their failure to present the merits of their defense to the court prior to the entry of judgment against them, or within the 30 days following such a judgment through section 50(5).

Even if defendants had made such a recital, the record in this case would preclude them from supporting such an assertion. The record demonstrates a total lack of diligence on defendants' part and a failure to utilize numerous opportunities to present whatever defense they might have had.

Failure to allege in a section 72 petition facts sufficient to entitle the petitioner to relief is fatal to that petition. *Diacou v. Palos State Bank* (1976), 65 Ill. 2d 304, 357 N.E.2d 518.

We have no difficulty in concluding that denial of defendants' section 72 motion was within the sound discretion of the circuit court.

■■ The second portion of the July 2 order with which defendants take issue is that which calls for revision of the half-sheet entry for January 7, 1976, to reflect dismissal of defendants' counterclaim. Defendants argue that this constituted a dismissal of their counterclaim without a hearing, done on July 2 and made retroactive to January 7, 1976. We disagree.

At the time of entry of summary judgment, the status of the pleadings was as follows: Plaintiff had alleged breach of a contract for lease-purchase by defendants of a cash register. Damages were sought. Defendants had in their answer admitted all of the elements of plaintiff's complaint, but asserted as a defense fraud on the part of the cash register manufacturer. Defendants had also filed a counterclaim asserting that the manufacturer's fraud constituted grounds for rescission of the lease-purchase contract and a refund of all sums paid by them under it.

Plaintiff's motion on which summary judgment was entered asked for judgment on both the complaint and the counterclaim. The January 7 judgment order stated simply that plaintiff's motion was granted and that summary judgment was entered, and damages awarded as prayed for.

It is obvious that the granting of summary judgment with damages for plaintiff necessarily entailed dismissal of defendants' counterclaim, because that counterclaim was based on the same argument as their defense. *Andros v. Hansen Realty Co.* (1976), 44 Ill. App. 3d 635, 638, 358 N.E.2d 671.

Indeed, any contrary view would be counter to the accepted rule that a judgment fixing contractual rights and damages in a given dispute acts as a bar to any further action by the same parties with respect to the same

dispute. *Scofield v. Behm* (1965), 63 Ill. App. 2d 140, 211 N.E.2d 300; *Pusatere v. Darnell* (1938), 296 Ill. App. 525, 16 N.E.2d 768; *Huehl v. Monarch Refrigerating Co.* (1910), 157 Ill. App. 145.

■■ Accordingly, failure of the order of January 7 to recite that defendants' counterclaim was also dismissed was merely a failure to state the obvious, notwithstanding the defendants' failure to recognize this view. Thus, the July 2 order revising the half-sheet to add such a recital was a proper exercise of the circuit court's power to supply inadvertently and otherwise inconsequentially omitted language to prior orders by means of a *nunc pro tunc* order. *Chapman, Mazza, Aiello, Inc. v. Ace Lumber & Construction Co.* (1967), 83 Ill. App. 2d 320, 227 N.E.2d 562.

For these reasons, we find neither abuse of discretion nor error in the circuit court order of July 2, 1976, which was the sole matter properly before this court, and hereby affirm that order.

Affirmed.

O'CONNOR and McGLOON, JJ., concur.