(No. 80-CC-0890—)

JOHN SARANTOPOULOS, Claimant, *v.* THE STATE OF ILLINOIS, Respondent.

*Order filed October 22, 1980.*

NORMAN H. SMALL, for Claimant.

HOLDERMAN, J.

Claimant filed a claim seeking recovery for personal injuries arising out of an incident occurring February 7, 1978. A notice of intent to file a claim was prepared

addressed to the Attorney General and to the Clerk of the Court of Claims. The Court of Claims Act provides that the notice be filed in the office of the Attorney General and in the office of the Clerk of the Court of Claims. The filing in the Court of Claims office was on July 3, 1978; no filing was ever made in the office of the Attorney General.

On January 17, 1980, Respondent moved to dismiss on the grounds that notice of intent to sue was not served in the office of the Attorney General within 6 months of the accident and that the Attorney General was not aware of the claim until December 1979. Section 22—1 of the Court of Claims Act (Ill. Rev. Stat. 1977, ch. 37, par. 439.22—1) requires notice to be served in the office of the Attorney General within 6 months and if not so filed, section 22—2 requires dismissal of the action "and the person to whom any such cause of action accrued for any personal injury shall be forever barred from further action in the Court of Claims * * *."

On March 11, 1980, this Court dismissed the complaint for defective service causing the Court to lose jurisdiction.

On April 15, 1980, Claimant moved to dismiss the previous order of dismissal. This was 35 days after the order of dismissal had been entered by the Court.

The motion cited, *Williams v. Medical Center Commission*, 60 Ill. 2d 389, 328 N.E.2d 1, which was to the effect that a suit filed in the Circuit Court satisfies any statutory requirements for notice to the State.

The Circuit Court suit in the present instance, was filed January 22, 1980, in the Circuit Court of Cook County against one Jules Williams, case no. 80-L-1740. Jules Williams was a State employee at the time of the accident.

On July 21, 1980, our previous order of dismissal was vacated based on *Williams v. Medical Center Commission, supra,* cited by Claimant. The cause also was ordered to be heard by a Commissioner.

On August 21, 1980, Claimant responded to Respondent's motion to vacate the July 21, 1980 order. The motion was filed under section 72 of the Civil Practice Act (Ill. Rev. Stat. 1977, ch. 110, par. 72). In his motion Claimant requested that the Court permit the prior order of reinstatement to stand.

On September 4, 1980, Respondent moved to strike the Claimant's petition under section 72 for relief as prayed for in its April 15, 1980, petition. (The April 15, 1980, petition had requested that we vacate our original order of dismissal.)

The ground listed in the State's motion was that section 72 was not complied with. Section 72 requires that the petition include the following:

1. A meritorious defense or claim.
2. Due diligence in presenting the defense or claim in the original action.
3. Through no fault of his own an error of fact was made or defense or claim was not raised; and
4. Due diligence in filing section 72 petition.

Motion to vacate final orders filed after 30 days of entry of the final order must comply with section 72, notwithstanding that section 50 of Civil Practice Act (Ill. Rev. Stat. 1977, ch. 110, par. 50), permits the Court to act after 30 days, if the petition to do so is addressed to the discretion of the Court in the exercise of equitable powers. See I.L.P. 23, ch. 9, sec. 193 (405) and sec. 199 (420). See also *International Ind. Leasing Ltd. v. Coleman & Co.,* 66 Ill. App. 3d 884.

Failure to allege, in a section 72 petition, facts sufficient to entitle petitioner to relief is fatal to that petition.

In the *Williams v. Medical Center Commission, supra,* case, the suit in the Circuit Court was against an "arm of the State". There the Complaint was filed March 24, 1973 based on an injury that occurred on December 16, 1972. There the defendant, as an "arm of the State" had notice from the beginning that the plaintiff was trying to enforce a claim against it. In our case here, the reason for the Statute of Limitations fails. In our case, no prior suit was filed in the beginning against an "arm of the State". This *Williams* case is not controlling.

We now conclude that section 22—2 of the Court of Claims Act is controlling and that the petition under section 72 of the Civil Practice Act was insufficient to warrant relief from the order of dismissal.

A meritorious defense was not stated; Claimant's error in not giving proper notice was not shown excusable; and due diligence in filing under section 72 was not demonstrated. Section 72 requires that the petition allege facts sufficient to entitle him to relief and failure to do so is fatal.

Motion to dismiss complaint for defective notice under 22—2 is hereby granted. All prior orders superseded by this order.