THE CITY OF PARK RIDGE, Plaintiff-Appellee, v. McHENRY LARSEN, Defendant-Appellant.

First District (4th Division)   Nos. 86—1209, 86—1349 cons.

Opinion filed February 18, 1988.

546

Frederick J. Otto, of Otto & Snyder, of Park Ridge, for appellant.

Paul N. Keller, City Attorney, of Park Ridge, for appellee.

JUSTICE McMORROW delivered the opinion of the court:

The police department of the city of Park Ridge received complaints one night of a loud party at a residence in the city. Officers responded to the complaints and there ensued a series of events leading ultimately to the arrests of more than 50 young persons on charges of disorderly conduct and underage possession of alcohol. Following a bench trial, defendant, McHenry Larsen, was found guilty of disorderly conduct and possession of alcohol and fined a total of $200, in accordance with ordinances of the city of Park Ridge. Park Ridge, Ill., Municipal Code §§14—5—2, 14—12—3 (1985).

Defendant appeals from his convictions. Upon review, he raises several interrelated grounds for reversal of his convictions. Briefly stated, these claims are founded on two basic premises asserted by defendant: (1) the provisions of the Park Ridge Municipal Code regarding disorderly conduct and underage possession of alcohol are vague or overbroad, either on their face or as applied to defendant, in violation of due process; and (2) defendant's prosecution for disorderly conduct and underage possession of alcohol in violation of the municipal ordinance should have been treated as criminal, rather than civil, matters.

We affirm.

BACKGROUND

On April 12, 1985, at approximately 10:30 p.m., the Park Ridge police department received complaints regarding a party at a home in Park Ridge. When they arrived, police discovered that certain of those attending the party were drinking beer, littering the area, and acting in various unruly fashions. Police repeatedly ordered the persons to leave the house but their orders were not followed, and the group continued its raucous behavior. Later, the homeowner admitted police into her home to remove the crowd.

Upon entering the house, police found 58 persons, many of whom were under the age of 21. They also discovered a keg of beer, beer cans, and plastic cups containing beer. The group inside the home was arrested; each person was charged with disorderly conduct for failure to obey a lawful police order to disperse. Those under the age of 21 were also charged with being minors in possession of alcohol.

Defendant, who was 18 years of age at the time, was among those arrested and charged with both offenses. He was taken to a police station in Park Ridge for processing. While there, two officers observed that defendant's breath smelled of alcohol. An individual who had attended the party stated that she saw defendant drinking beer in the home and heard the police order to disperse several times during the evening.

Defendant testified at trial that he had nothing to drink at the party, had not acted in an unruly fashion at the party, and had not heard the police order to disperse. He stated that he had gone to the home, was there for a short time, went outside the residence momentarily where he was assaulted by unknown persons, and went back into the house for his own safety. He also presented evidence to indicate that the individual who testified that he had been drinking beer at the party had a motive to testify falsely against him.

Defendant was convicted of disorderly conduct and possession of alcohol although underage in violation of the Park Ridge Municipal Code and fined $200. His timely appeal followed.

OPINION

Defendant argues that the provisions of the Park Ridge Municipal Code regarding disorderly conduct and possession of alcohol by a minor are unconstitutional on their face and as applied to him.

■ He asserts first that the disorderly conduct ordinance is void for vagueness, because the terms of the ordinance are imprecise and do not give reasonable notice of what conduct it seeks to prohibit and punish. The ordinance states in pertinent part, "A person shall be

guilty of disorderly conduct if, with the purpose of causing public danger, alarm, disorder, nuisance, or if his conduct is likely to cause public danger, alarm, disorder of nuisance, he wilfully does any of the following acts in a public place or in any place where a breach of the public peace occurs: \*\*\* [f]ails to obey a lawful order to disperse by a police officer, when known to be such an official, where one or more persons are committing acts of disorderly conduct in the immediate vicinity, and the public health and safety is imminently threatened \*\*\*." Park Ridge, Ill., Municipal Code §14—5—2(K) (1985).

In this regard defendant compares the language of the Park Ridge disorderly conduct ordinance to a disorderly conduct ordinance of the city of Chicago, since repealed, held void for vagueness (*Landry v. Daley* (N.D. Ill. 1968), 280 F. Supp. 938, 968) and disorderly conduct enactments of other jurisdictions held void for vagueness by the United States Supreme Court (*Cox v. Louisiana* (1965), 379 U.S. 536, 13 L. Ed. 2d 471, 85 S. Ct. 453; see also *Edwards v. South Carolina* (1963), 372 U.S. 229, 9 L. Ed. 2d 697, 83 S. Ct. 680).

However, the Park Ridge disorderly conduct ordinance is substantially similar to a disorderly conduct enactment of the city of Chicago found constitutional by the Illinois Supreme Court on the precise grounds raised by the defendant herein. (*City of Chicago v. Greene* (1970), 47 Ill. 2d 30, 264 N.E.2d 163; *City of Chicago v. Fort* (1970), 46 Ill. 2d 12, 262 N.E.2d 473.) Based upon this precedent, we find no constitutional infirmity in the Park Ridge disorderly conduct ordinance.

■■ ■ Defendant also argues that the evidence does not support his conviction and that he was arrested without probable cause. Specifically, defendant maintains that the proof at trial established only that other persons in the house were committing disorderly acts and that defendant did not disperse. However, the evidence presented at trial indicated that many in attendance at the residential party including defendant were drinking beer, several of those in the residence were shouting obscenities and throwing objects at the police who were outside the home, the police gave numerous orders to everyone in the residence to disperse, the defendant presumably heard these orders from the police, and defendant failed to comply with the police dispersal orders. The trial court correctly interpreted defendant's failure to disperse under the circumstances as a violation of the Park Ridge ordinance. The evidence was sufficient to prove by a preponderance that defendant had violated the Park Ridge disorderly conduct ordinance. (See *City of Chicago v. Greene* (1970), 47 Ill. 2d 30, 264 N.E.2d 163; *cf. City of Carbondale v. Grose* (1971), 49 Ill. 2d 367,

273 N.E.2d 832.) These circumstances also provided sufficient cause to arrest the defendant at the scene. See Ill. Rev. Stat. 1985, ch. 24, par. 3—9—4.

With respect to the Park Ridge ordinance prohibiting underage possession of alcohol, defendant maintains that the ordinance is unconstitutional because it impairs the free exercise of religion in contravention to the first amendment to the United States Constitution (U.S. Const., amend. I), and is in direct conflict with Illinois statutory law regarding permissible possession of alcohol by a minor under the supervision of an adult or during a religious service or ceremony (See Ill. Rev. Stat. 1985, ch. 43, par. 134a). Because defendant does not contend that he was in possession of alcohol during a religious service or ceremony, and because the evidence does not establish that he was in possession of alcohol while under the supervision of one *in loco parentis*, we do not consider defendant's arguments in this regard. See *City of Chicago v. Fort* (1970), 46 Ill. 2d 12, 262 N.E.2d 473.

■■ ■ Defendant argues that his convictions should be reversed because he was denied certain constitutional and statutory procedural guarantees afforded to defendants in criminal cases. He maintains that proceedings for disorderly conduct and underage possession of alcohol in violation of municipal ordinances should be treated as criminal prosecutions with all procedural safeguards normally attendant thereto. (See, *e.g.*, Comment, *Procedural Disarray in Illinois Ordinance Prosecution,* 24 De Paul L. Rev. 588 (1975); Comment, *The Quasi-Criminal Ordinance Prosecution in Illinois,* 68 Nw. U.L. Rev. 566 (1973).) Defendant's argument is not well taken.

Illinois statutory law exempts violations of municipal ordinances regarding disorderly conduct and underage possession of alcohol from those offenses which must be treated as criminal prosecutions (Ill. Rev. Stat. 1985, ch. 24, par. 1—2—1.1), and case law is well settled that proceedings for violations of municipal ordinances are generally treated as civil matters governed by the Illinois Code of Civil Procedure, provided the range of penalties for such violations does not include a term of imprisonment. (See *Town of Normal v. Bowsky* (1986), 142 Ill. App. 3d 760, 492 N.E.2d 204.) Since the maximum penalty for disorderly conduct and underage possession of alcohol to which defendant could have been subjected was a fine rather than imprisonment (see Park Ridge, Ill., Municipal Code §§14—5—4, 14—12—5), we decline to hold that the mere circumstance defendant was arrested and incarcerated in the Park Ridge police station during processing, without more, is in itself sufficient to render the subsequent proceedings against him criminal in nature.

In light of these determinations, we need not and do not consider the additional arguments raised by the defendant herein.

For the reasons stated, the judgment of the circuit court of Cook County is affirmed.

Affirmed.

JIGANTI, P.J., and JOHNSON, J., concur.