### Robert Stobo v. Davis Provision Company.

1. CORPORATIONS—*Directors' Meeting—Notice, etc.*—Under the statutes of Illinois, the by-laws of every corporation must provide for the calling of meetings of directors, but when all ·the directors are present at any meeting, however called or notified, the acts of such meeting will be as valid as if legally called and all directors notified.

2. SAME—*Motive for Calling a Meeting Immaterial.*—The question of the ulterior motive in the calling of a directors' meeting is wholly immaterial.

3. SAME—*Deposing an Officer.*—The action of a directors' meeting ·in deposing an officer and substituting another in his place is within the authorized power of the directors. The motives for such an action, the action itself being lawful, is not a subject of judicial inquiry.

**Memorandum.**—Mandamus. Appeal from the Superior Court of Cook County; the Hon. JAMES GOGGIN, Judge, presiding. Heard in this court at the March term, 1894, and affirmed. Opinion filed July 2, 1894.

HERRICK, ALLEN & BOYESEN, attorneys for appellant.

PAGE & BOOTH, attorneys for appellee.

MR. PRESIDING JUSTICE SHEPARD DELIVERED THE OPINION OF THE COURT.

The appellee is an Illinois corporation, having its principal office in the city of Chicago.

Its by-laws provide for a board of directors to consist of three persons; and at the time of the removal of appellant from the position of secretary, which is the act complained of, its board of directors consisted of Smith M. Weed, Henry Davis, and the appellant, Robert Stobo; and Davis was president, and Stobo was secretary of the corporation.

Weed and Davis resided in New York, and Stobo in Chicago.

Stobo was also an officer of the Anglo-American Provision Company, another corporation doing business in Chicago, with which appellee had had extensive dealings, out of which litigation had resulted and was pending.

In consequence of such a condition of things, Weed and Davis, constituting a majority of appellee's board of directors, deemed it to be for the best interests of appellee, that Stobo should be removed from the office of secretary.

The by-laws of the appellee corporation provide that a majority of the board of directors shall constitute a quorum for the transaction of all business; and also, that " either the president or secretary may call special meetings of the board of directors whenever he shall deem it expedient to do so;" and also, that "any officer may be removed by the board of directors at any meeting, either general or special, and other persons elected to fill vacancies so caused."

This condition of affairs existing, Messrs. Weed and Davis came to Chicago, and a directors' meeting was held, on December 2, 1893. It is admitted that no previous notice of an intention to hold a meeting at that time and place was given to Stobo.

The following minutes of that meeting, as introduced in evidence, are extracted from the abstract of the record, filed here:

" A meeting of the Board of Directors of the Davis Provision Company, held this 2d day of December, 1893, at room 60, Board of Trade Building, Chicago, Illinois.

"Present, all the directors, Messrs. Henry Davis, Smith M. Weed and Robert Stobo.

The president called the meeting to order, and the secretary, Robert Stobo, read the following call for the meeting:

'In pursuance of the by-laws of the Davis Provision Company, the president of said company, the undersigned, Henry Davis, deems it expedient that a special meeting of the Board of Directors of this company be held, and he hereby calls a special meeting of the board to meet at once—all the

directors being present, at the general office of the company in Chicago.

(Signed)    HENRY DAVIS.
DECEMBER 2, 1893.'

" The secretary, Mr. Stobo, now got the minute book, and presented it.

" Mr. Weed stated to Mr. Stobo, that under existing circumstances the secretary ought to be changed, and gave his reasons. Mr. Stobo then said that he thought it would be better for the board to remove him from office, than for him to resign, and looked over the company's by-laws to see the power of the board in the premises.

" Mr. Weed now offered the following resolution:

" WHEREAS, Robert Stobo, Esq., the secretary of this company, is interested in or employed by the Anglo-American Provision Company and Fowler Brothers, and these companies are hostile to the interests of this company; it is therefore

' Resolved, That it is for the best interest of this company that Robert Stobo be and he is hereby removed from the office of secretary of this company, and he is hereby directed to hand over the seal, books, records and papers of this company to his successor.'

" The passage of this resolution having been duly moved and seconded, Mr. Stobo first said he would protest against its passage, and then said he would say nothing, and left the room.

" The resolution was now put to the meeting and duly declared carried.

" Mr. Weed now moved the passage of the following resolution:

' Resolved, That Michael L. Freiberger, of Howland Block, Chicago, Illinois, be and he is hereby elected secretary of this company in place of Robert Stobo, removed, and that he be and is hereby authorized and directed to demand and receive from Robert Stobo, the late secretary, the seal, books, records and papers of this company.'

" Its passage having been duly seconded, it was put to this meeting and carried.

"Michael L. Freiberger now appeared and accepted the office of secretary.

(Signed)    "HENRY DAVIS,

"President."

Stobo, the secretary and appellant, refused to comply with a demand made upon him by Freiberger, the newly elected secretary, for possession of the records and corporate seal of the company, and thereupon a petition for a writ of mandamus was filed by the appellee to compel such delivery.

The issue turns upon the question whether the meeting of directors, at which appellant is claimed to have been removed and Freiberger to have been elected, was a legal meeting of directors, and could effectually accomplish what was attempted to be done.

Appellant contends that no notice having been given of said meeting, it required not only the physical presence in the room when the president elected to call a meeting of all the directors, but it required the assent of all to the holding of a meeting at all, and until such assent had been given no meeting could be legally held, and that everything that was done at such meeting was of no force and effect as the act of the corporation.

Appellant upon the record also raised the question of the good faith of Smith M. Weed and Henry Davis in attempting to remove Stobo from the office of secretary, and contended that even though it be conceded that Mr. Stobo assented to the holding of a meeting, if such assent was procured by trick, device, surprise or fraud. so that the director whose presence was so secured had no opportunity to elect whether or not he would be present and assent to the holding of a meeting, such presence would be ineffectual to constitute a legal meeting of the board of directors of the Davis Provision Company.

Appellant also submitted to the court and asked leave to go to the jury on the question of fact as to whether the action of Smith M. Weed and Henry Davis, constituting a majority of the board of directors, was taken in good faith for the benefit of the corporation, or was a device and fraud

to subserve a personal end in a controversy then existing between the majority and minority of the stockholders and directors of the Davis Provision Company, and contended that if such action, even though within the legal power of the directors, if exercised in good faith, was tainted with fraud, and was for personal rather than corporate objects, then such action would not be binding upon the corporation.

There is no conflict in the testimony, because appellant rested upon the case made by the relator, but contended that upon this record so made, that questions of good faith did arise as questions of fact, to be submitted to a jury.

The court below directed a verdict for the relator and rendered judgment.

We will not follow the appellant through the variety of argument presented to us, to show that the meeting was not a legal one, but will give a few reasons why it was legal and its action controlling. The statutes of Illinois relating to corporations, Chap. 32, Sec. 20, provide that the by-laws of every corporation shall provide for the calling of meetings of directors, and that when all such officers shall be present at any meeting, however called or notified, the acts of such meeting shall be as valid as if legally called and notified.

The by-laws of the corporation already quoted provide that the president might call a meeting whenever he should deem it expedient to do so. It was proved that two of the directors, including the president, went to the office in order to hold a directors' meeting; that they there found Stobo, the other director; that the president then formally called a meeting in writing, as shown before by the notice thereof; that all three of the directors were present at the meeting and participated in its deliberations up to a certain point, Stobo, the secretary, and appellant, producing to the meeting the record book of the corporation, and questioning the power of the board to remove him, as secretary, and protesting against the passage of a resolution offered to that effect, and not until then withdrawing from the meeting.

Under this condition of facts we can see no question worthy of argument, and no authority has been, or to the extent of

our observation can be, presented, against the power of the majority of the board to do as was done. See in this connection, Lawrence v. Traner, 136 Ill. 474.

It was entirely proper for the court to refuse to submit to the jury the question of ulterior motive in the calling of the meeting.

The power to call the meeting was expressly vested in the president by the by-laws of the corporation, and the statute of the State.

The action of the meeting in deposing an officer and substituting another was clearly within the authorized power of the directors, and was performed in a lawful manner. What the motives were for such action, the action itself being lawful, was not a subject of judicial inquiry. Oglesby v. Attrill, 105 U. S. 605.

At the meeting in question, every director was present and participated until such action was proposed as was distasteful to one, who then withdrew, but the rest, constituting a majority, remained.

Under such circumstances, to set aside the action of the board, so lawfully convened and acting within its powers, would be subversive of all lawful control by directors over the affairs of a private corporation.

The judgment of the Superior Court will be affirmed.