**Donald M. Clark, Plaintiff-Appellant, v. Quincy Housing Authority, Defendant-Appellee.**

**Gen. No. 10,865.**

Fourth District.

September 19, 1967.

Pollock and Ennis, of Quincy (W. Dakin Williams, of counsel), for appellant.

Loos and Schnack, of Quincy (Loren E. Schnack, of counsel), for appellee.

MR. PRESIDING JUSTICE CRAVEN delivered the opinion of the court.

Plaintiff was on certain premises owned by the Quincy Housing Authority in connection with his business as a salesman. He was in the process of collecting bills from certain of his customers who were tenants of the Housing Authority. This was during the daylight hours of January 9, 1965. He slipped on a piece of linoleum scrap near his car on that date, the fall resulting in a broken leg. At the close of all the evidence in this action for

personal injuries, the trial court directed a verdict in favor of the defendant. The only issue on this appeal is whether such action was proper.

The evidence at the trial disclosed that the plaintiff parked his car in the service drive of the housing project. He had been to the apartment of one of his customers and had returned from this call and entered his car when another customer called to him and asked him to come to her apartment. He got out of his car and proceeded around the front of the car and the front bumper when he slipped on a piece of linoleum, fell and broke his leg. There were many pieces of linoleum in the general area and the plaintiff had seen them on many occasions. He knew they were present in the area of his car on the date in question.

The evidence further establishes that in addition to knowledge of the presence of the linoleum in the area, plaintiff knew it was slippery. He stated, however, that he did not see the pieces of linoleum immediately prior to his fall, observing that "if I would have seen them, I would not have fell."

 Under these circumstances, we think the plaintiff failed to make a prima facie case of negligence or to meet his burden of showing exercise of ordinary care in his own behalf. In either case, the trial court would be justified in refusing to allow the case to go to the jury and in directing a verdict. Thoele v. Mazel, 8 Ill App 2d 237, 131 NE2d 133 (1st Dist 1956).

 The former rule that only evidence favorable to the party opposing a motion for directed verdict may be considered by the court in passing upon the motion is no longer the rule. The present test permits of an examination of all of the evidence, and if after considering all of the evidence there is no substantial evidentiary dispute the court may direct a verdict, and indeed should do so. Pedrick v. Peoria & E. R. R. Co., 37 Ill2d 494, 229 NE2d 504. As to this case, whether under the old

or the new test with reference to directing verdicts, it is clear from the plaintiff's own evidence that he was aware of a condition on the premises and aware that that condition was likely to cause him injury, and in fact it did. It is well-settled that the existence of a duty on the part of the defendant does not excuse the plaintiff from looking when he should look and from seeing that which is within the range of vision. That duty is amplified in this case by the evidence that the plaintiff had prior knowledge of the hazard, if indeed the piece of linoleum was that. Under this state of the evidence, the trial court properly directed a verdict for the defendant. Ferguson v. Lounsberry, 58 Ill App2d 456, 207 NE2d 309 (4th Dist 1965). The judgment is affirmed.

Judgment affirmed.

SMITH and TRAPP, JJ., concur.