Rose Novak, Plaintiff-Appellant, v. The Equitable Life Assurance Society of the United States, Defendant-Appellee.

Gen. No. 52,154.

First District, Third Division.

October 24, 1968.

Joe Reiff, of Chicago, for appellant.

Mayer, Friedlich, Spiess, Tierney, Brown & Platt, of Chicago (Miles G. Seeley, Burton E. Glazov, and Roger J. Kiley, Jr., of counsel), for appellee.

MR. JUSTICE SCHWARTZ delivered the opinion of the court.

The plaintiff Rose Novak is the beneficiary under a policy of insurance issued to her deceased husband by the defendant. She seeks to recover for his alleged accidental death. Defendant moved for summary judgment on the ground that the insured was engaged in the com-

mission of a felony at the time of his death and that recovery under such circumstances was barred by a clause in the policy which reads as follows:

"No payment shall be made under this policy for any loss resulting from or caused directly or indirectly, wholly or partly, by . . .

". . .

"(d) participation in or in consequence of having participated in the committing of a felony."

The trial court granted the summary judgment and the plaintiff has appealed. She contends that the conduct of her husband was not felonious and that the summary judgment was improperly granted as there were genuine issues of fact to be tried. The facts follow.

On March 7, 1965, the plaintiff shot and killed her husband Robert Novak. She was tried for his murder, pleaded self-defense and was acquitted. In support of its motion for summary judgment the defendant produced a transcript of the plaintiff's testimony at the murder trial. Defendant contends that this testimony in support of her plea of self-defense reveals that her husband was at the time in question about to kill her, that his conduct was not mere preparation for the commission of a felony, but was then and there felonious and within the exclusionary clause of the policy. The circumstances surrounding the shooting as described by the plaintiff may be summarized as follows.

On March 6, 1965, the night before he was shot, Robert Novak cursed and beat the plaintiff. He drew a loaded pistol, pointed it at her and threatened to kill her. The plaintiff's brother intervened and succeeded in disarming Novak and unloading the weapon. The following morning Novak again beat the plaintiff and ordered her to reload the gun which her brother had unloaded the night before. Novak later entered the apartment shout-

ing and cursing at the plaintiff, "Where are you, you son-of-a-bitch, I will kill you." He chased her through the apartment repeatedly cursing and threatening to kill her. Plaintiff ran away from him, grabbed one of several available loaded pistols and fearing that she was about to suffer death, shot and killed him. Defendant also relies on an averment by the plaintiff in her amended complaint alleging that the decedent cursed and assaulted her and that she believed she was about to suffer death or serious bodily injury when she shot and killed him "in necessary self-defense." It is therefore undisputed that decedent's conduct was sufficiently violent to place the plaintiff in apprehension of death.

Attempted murder and attempted manslaughter are felonies (Ill Rev Stats, c 38, §§ 8–4, 9–1, 9–2 (1967)). A person commits the offense of attempt when, with the intent to commit the principal offense, he performs some act which constitutes a substantial step toward the commission of that offense. Ill Rev Stats, c 38, § 8–4 (1967). The plaintiff contends that decedent was at worst *preparing* to commit a felony and that he did not perform any act which could be considered a substantial step toward the commission of an offense against her. She further argues that in view of the turbulent domestic situation which existed in their home, the decedent's outburst should be considered a common occurrence and insufficient evidence of any criminal intent on his part. No such mild interpretation can be placed on the husband's actions. Plaintiff must have been satisfied that her husband had taken a "substantial step" toward killing her when she raced through the apartment, grabbed a loaded gun and shot him. That is the only basis on which her defense could have been sustained.

■ Justifiable use of force is described in the Criminal Code (Ill Rev Stats, c 38, § 7–1 (1967)) as follows:

"A person is justified in the use of force against another when and to the extent that he reasonably

believes that such conduct is necessary to defend himself or another against such other's imminent use of unlawful force. However, he is justified in the use of force which is intended or likely to cause death or great bodily harm only if he reasonably believes that such force is necessary to prevent imminent death or great bodily harm to himself or another, or the commission of a forcible felony."

Pointing a loaded gun at the plaintiff, the threat to kill, the beating, the order to reload the gun her brother had unloaded, the pursuit from room to room, the cursing and shouting all reveal more than mere preparation for the commission of a felony. The only inference which may be drawn from this evidence is that the insured husband was participating in the commission of a felony when he was killed and by the terms of the policy the accidental death benefit coverage does not apply. Espinoza v. Equitable Life Assur. Society, 345 Ill App 240, 103 NE2d 149; Powell v. New York Life Ins. Co. (Fla App), 120 So2d 33 (1960).

Of the cases cited by the plaintiff only two involve insurance policies and neither of those cases involves a felony exclusion. In both Shields v. Prudential Ins. Co. of America, 6 NJ 517, 79 A2d 297 (1951) and Wylie v. Union Casualty & Life Ins. Co., 15 Ill App2d 448, 146 NE2d 377, the sole issue presented was whether the death of the assured was the result of accidental bodily injury. That issue turns on whether the insured in that case could foresee the possibility of his own death as a consequence of his attack on another person. That issue was not made in the instant case as a basis for the summary judgment. The sole issue presented here is the application of the felony exclusion, a provision not involved either in Wylie or Shields, supra.

■ Plaintiff's prior testimony is not only the best evidence of what occurred, it is the only evidence and

395

where, as here, the facts are undisputed and can lead to but a single conclusion, the court may properly enter a summary judgment. Giampa v. Sunbeam Corp., 68 Ill App2d 425, 216 NE2d 233. There are no genuine issues with respect to any material facts and the judgment is affirmed.

Judgment affirmed.

DEMPSEY, P. J. and SULLIVAN, J., concur.