RUTH HESSLER, Plaintiff-Appellant, *v.* ASHER J. COLE, Defendant-Appellee.

(No. 54832;

First District—September 20, 1972.

LeRoy A. Garr, of Chicago, (Sidney Z. Karasik and Ellis B. Rosenzweig, of counsel,) for appellant.

Hinshaw, Culbertson, Moelmann, Hoban & Fuller, of Chicago, (D. Kendall Griffith, of counsel,) for appellee.

Mr. JUSTICE BURMAN delivered the opinion of the court:

Plaintiff, Ruth Hessler, brought this action to recover damages for personal injuries sustained when she fell through the boards of a lake pier belonging to defendant, Asher J. Cole. Defendant's motion for summary judgment was granted on the grounds that plaintiff was a trespasser and was guilty of contributory negligence, and plaintiff appeals.

Plaintiff contends that the trial court erred in granting defendant's motion for summary judgment because (1) an owner and occupier of land owes a duty to all persons who enter upon it to exercise reasonable care to warn them of dangerous conditions upon the land, and (2) there were disputed material issues of fact which should have precluded the entry of a summary judgment.

Defendant counters that summary judgment was properly entered because plaintiff was a trespasser and under established law, a landowner owes no duty to trespassers. Defendant also argues that summary judgment was proper because plaintiff was guilty of contributory negligence as a matter of law.

The record reveals that plaintiff suffered a fracture and dislocation of the right ankle and lower leg when she fell through the boards of a pier extending 50 feet out from defendant's property at 21 Lakewood Drive, Glencoe, Illinois. The occurrence took place at about 9:30 P.M. on April 30, 1968. It was a dark and chilly night. There were no artificial lights on the pier and there was no moonlight.

Plaintiff testified by deposition that she started to walk out onto the pier to join her husband and some other people, including defendant's next door neighbor, who were smelt fishing on the pier. Although the other members of the party had taken a lantern, plaintiff had none. Plaintiff had never been to the pier before. She stated that she took five or six steps on the pier and fell into a hole between the boards.

Defendant's affidavit stated that he was never aware of the presence of plaintiff upon his property and that he did not customarily permit persons living in the neighborhood to use the pier without his express permission. Plaintiff's deposition stated that her husband and his friends had fished on the beach for years. Plaintiff also submitted affidavits of three persons who said they had, over the course of the last five years, used the pier for fishing and had observed other persons doing the same. The affiants averred that no one had called their attention to the pier's dangerous condition or prohibited their use of it.

■■ In Illinois, the law is that an owner or occupier of land is under no duty to keep the land in any particular state or condition to promote the safety of trespassers. (*Kahn v. James Burton Co.,* 5 Ill.2d 614, 625, 126 N.E.2d 836, 841.) In the instant case, plaintiff never asked for, nor was she given authority to enter upon defendant's premises. At the time of the occurrence, defendant did not know Mrs. Hessler and had never heard of or spoken to her. Plaintiff did not know who owned the property and had never met defendant. These facts are undisputed. The only conclusion to be drawn from them is that plaintiff was a trespasser and the trial court did not err in so finding.

Plaintiff contends, however, that an owner or occupier of land owes a duty to all persons who enter upon it to exercise reasonable care to warn them of dangerous conditions on the land. She argues that determining the duty and liability of a landowner in terms of the status of the injured plaintiff is an outmoded concept which should be discarded. Plaintiff notes that in *Kahn v. James Burton Co.,* 5 Ill.2d 614, 126 N.E.2d 836, the court stated that every person owes to all other persons the duty to exercise reasonable care. In making this statement, however, the court was referring to the defendant lumber supplier who piled lumber on the co-defendant's property, and not to the co-defendant occupier of the land. In discussing the duties of a land occupier, the court in *Kahn* stated that,

"＊ ＊ ＊ an owner or one in possession and control of premises is under no duty to keep them in any particular state or condition to promote the safety of trespassers ＊ ＊ ＊." 5 Ill.2d at 625.

We have reviewed the other cases cited by plaintiff and find that they are distinguishable on the facts from the case at bar. *Rowland v. Christian,* 443 P.2d 561 (Sup.Ct.Calif.), involved a social guest in defendant's apartment who was injured when he came into contact with a defective condition which was not obviously apparent. Moreover, the holding in that case was predicated in part upon a California statute. *Pickard v. City and County of Honolulu* (Sup.Ct.Ha.), 452 P.2d 445, is also distinguishable on its facts from the case at bar. There the plaintiff was injured in a courthouse restroom after obtaining permission from an officer on duty to use it. Finally, in *Dini v. Naiditch,* 20 Ill.2d 406, 170 N.E.2d 881, the issue was the liability of landowners to firemen who enter on their premises in the course of duty. The Supreme Court held that a fireman performing his duty is an invitee, not a licensee, and as such may recover from a landowner who fails to exercise reasonable care.

■■ Plaintiff also contends that even if we do not reject the traditional

distinctions between trespasser, licensee and invitee, under the circumstances of the instant case, there was an implied invitation to plaintiff to use the pier, and that there was at least a jury question as to whether plaintiff was in the status of a licensee upon the pier. Plaintiff argues that if she were a licensee, then defendant would be liable for any wilful and wanton misconduct on his part. Even if there had been a factual issue raised as to whether plaintiff was a licensee, it would not have been material. Defendant could not have been held liable for plaintiff's injury because, as a matter of law, he was not guilty of wilful and wanton misconduct.

■■■ The failure of a landowner to disclose known hidden dangers to a licensee may constitute wilful and wanton misconduct. (*Schoen v. Harris,* 108 Ill.App.2d 186, 246 N.E.2d 849.) In the instant case, however, the dangerous condition of the pier was not hidden. It would have been readily visible to plaintiff had she exercised reasonable care for her own safety by carrying a lantern. A licensee must avoid at his own peril an open hole which is concealed only by the darkness of night. *Dent v. Great Atlantic & Pacific Tea Co.,* 4 Ill.App.2d 500, 124 N.E.2d 360.

■■ Finally, even if plaintiff had been an invitee in this case, she would not have recovered because, as the trial court found, she was contributorily negligent as a matter of law. Plaintiff argues that contributory negligence is ordinarily a question for the jury. In some instances, however, plaintiffs have been held contributorily negligent as a matter of law. In *Hart v. Sullivan,* 324 Ill.App. 243, 247, 58 N.E.2d 301, 303, the court said,

> "It is not shown by the evidence that plaintiff or deceased had ever been upon defendant's premises before. Without familiarity with the premises and without any urgent necessity to do so, deceased persisted in ascending the steps, crossing the first landing, and advancing through the door to the west in utter darkness. Such conduct has been held to be contributory negligence as a matter of law."

Even if defendant had owed a duty of exercising reasonable care towards plaintiff, she was not excused from looking where she should have looked and seeing what was within her range of vision. *Clark v. Quincy Housing Authority,* 86 Ill.App.2d 458, 461, 229 N.E.2d 780, 781.

■■ By her own admission, her husband and his friends had been smelt fishing on the pier before she decided to join them. Although she knew they had lanterns, she walked alone on the unfamiliar pier, on a dark night, without a lantern. The missing plank was an obvious condition which could have been observed by anyone who was looking and was careful. Under the facts and circumstances of the instant case, we

do not think the trial court erred in finding plaintiff contributorily negligent as a matter of law. In the absence of a question of material fact, summary judgment is proper. *Novak v. Equitable Life Society*, 101 Ill. App.2d 392, 243 N.E.2d 269.

The trial judge properly entered a summary judgment in favor of defendant. The judgment of the Circuit Court will be affirmed.

Judgment affirmed.

DIERINGER, P. J., and ADESKO, J., concur.