ANTHONY ZANNIS, Plaintiff-Appellant, *v.* LAKE SHORE RADIOLOGISTS, LTD., *et al.*, Defendants-Appellees.

First District (1st Division)    No. 80-2644

Opinion filed February 16, 1982.

John D. Kightlinger, of Arlington Heights, and Anna P. Kioutas, of Chicago, for appellant.

Coffield, Ungaretti, Harris & Slavin, of Chicago (Michael W. Coffield, Gregory A. Friedman, and Mary L. Sebek, of counsel), for appellees.

JUSTICE O'CONNOR delivered the opinion of the court:

Plaintiff, Dr. Anthony Zannis, brought this action in three counts seeking reinstatement of his position as a radiologist with defendant corporation and for damages based on breach of contract and tortious interference with his contract. The first count, seeking reinstatement of his staff position, was dismissed for failure to state a claim upon which equitable relief could be granted. This order was subsequently affirmed by this court. *Zannis v. Lake Shore Radiologists, Ltd.* (1979), 73 Ill. App. 3d 901, 392 N.E.2d 126.

The remaining two counts were transferred to the law division of the circuit court. Pursuant to defendants' motion, summary judgment was entered in their favor. The sole issue on review is whether the trial court erred in granting summary judgment in favor of defendants.

Plaintiff is a doctor who was employed as a radiologist with defendant corporation, Lake Shore Radiologists, Ltd. The individual defendants, Borgerson, Lee, Kim and Garcia were also radiologists employed by defendant corporation. Plaintiff and defendants Borgerson, Lee and Kim were the officers, directors and sole shareholders of the corporation.

Plaintiff's employment with defendant corporation was terminated on December 8, 1975, after a series of shareholder and board of directors meetings. In his third amended complaint, plaintiff alleged in count II that defendants breached his employment contract with defendant corporation. This was based on the assertion that the termination was improper because there was no showing that it was in the best interests of the corporation as required by the corporate bylaws. Count III alleged that malicious conduct on the part of the individual defendants caused the tortious interference of the contractual relationship between plaintiff and the corporation.

Defendants' motion for summary judgment alleged that there were no material issues of fact surrounding the circumstances of plaintiff's termination and that the termination was properly effected pursuant to the employment contract, corporate bylaws and the Business Corporation Act (Ill. Rev. Stat. 1979, ch. 32, par. 157.1 *et seq.*). Plaintiff's response did not dispute the facts and simply relied on conclusions derived from the

allegations made in his complaint. As stated previously, the trial court granted the motion.

Section 57(3) of the Civil Practice Act (Ill. Rev. Stat. 1979, ch. 110, par. 57(3)) provides that summary judgment is appropriate when "the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." In determining the absence or existence of a genuine issue of material fact, the court should consider only evidentiary facts and not conclusions of law. (*Carruthers v. B. C. Christopher & Co.* (1974), 57 Ill. 2d 376, 313 N.E.2d 457; *Ohio Oil Co. v. Yacktman* (1976), 36 Ill. App. 3d 255, 343 N.E.2d 544.) In ruling on a motion for summary judgment, the trial court must construe the pleadings, depositions and affidavits most strictly against the moving party and most liberally in favor of the opponent. (*In re Estate of Tomaso* (1980), 82 Ill. App. 3d 286, 402 N.E.2d 702; *Murphy v. Ambassador East* (1977), 54 Ill. App. 3d 980, 370 N.E.2d 124.) An examination of the record, especially the depositions of plaintiff and three of the individual defendants, discloses what the essential material facts are and that they are not in dispute.

Plaintiff's deposition reveals that in November 1975 he signed a resignation letter which was tendered to Dr. Borgerson, the corporation president. Plaintiff stated that he did this under compulsion from the individual defendants. He admitted there had been dissatisfaction with his output by several of the defendant doctors in the corporation. Soon after signing the letter, plaintiff changed his mind about the resignation. Plaintiff also stated that he had received an offer of a position on the radiology staff at another hospital.

On November 25, 1975, plaintiff was present with his attorney at a meeting of the board of directors. At this meeting the directors voted 3-1 to terminate plaintiff's employment with the corporation. Plaintiff's vote was the only one against the action. He also noted his objection to the purpose of the meeting.

On December 8, 1975, a shareholders' meeting was convened to ratify the decision of the board to terminate plaintiff's contract. Again, with an identical vote, a motion to terminate plaintiff's employment as of that date was passed. A meeting of the same parties, acting as the board of directors, officially removed plaintiff as an officer of the corporation.

Plaintiff, both in the trial court and on appeal, contended in conclusory language that there were numerous issues of material fact raised by the allegations in the complaint. In large part, this included plaintiff's argument that an issue of fact existed as to whether his termination was justifiable.

■■ A complaint and answer may purport to raise issues of material fact; however, if such issues are not further supported by evidentiary facts through affidavits or other evidence, summary judgment is then appropriate. (*Kimbrough v. Jewel Companies, Inc.* (1981), 92 Ill. App. 3d 813, 416 N.E.2d 328; *Carruthers v. B. C. Christopher & Co.*) If the party moving for summary judgment supplies facts which, if not contradicted, would entitle such party to a judgment as a matter of law, the opposing party cannot rely upon his complaint or answer alone to raise genuine issues of material fact. *Carruthers v. B. C. Christopher & Co.* (1974), 57 Ill. 2d 376, 380.

■■ The depositions, exhibits and other documents in the record show plaintiff was terminated according to the employment contract. The relevant provision in that contract requires approval of three-fourths of the shareholders, so long as 90 days' notice before termination is provided. That notice was given. A showing of cause is not required. The defendant corporation's bylaws allow the board of directors to remove any officer when it is in the best interests of the corporation. (See also Ill. Rev. Stat. 1979, ch. 32, par. 157.44.) The motives for the acts of a board of directors, when lawful, are not properly the subject of judicial inquiry. *Stobo v. Davis Provision Co.* (1894), 54 Ill. App. 440; 2 W. Fletcher, Cyclopedia of the Law of Private Corporations §360 (rev. perm. ed. 1969).

■■ All the material facts were before the trial court in this case and they were not in dispute. The facts established that plaintiff's employment with defendant corporation was terminated pursuant to the actions of the shareholders and directors, which were in accordance with the provisions of plaintiff's employment contract and defendant corporation's bylaws. The trial court correctly entered summary judgment for the defendants.

Accordingly, the order of the circuit court of Cook County granting summary judgment to defendants is affirmed.

Affirmed.

CAMPBELL, P. J., and McGLOON, J., concur.