BOARD OF EDUCATION OF THE CITY OF CHICAGO, Plaintiff-Appellant, v. EDWARD A. GORENSTEIN, Defendant-Appellee.

First District (5th Division)   No. 86—2403

Opinion filed February 3, 1989.

Patricia J. Whitten, Evangeline Levison, and Carney & Brothers Ltd., all of Chicago, for appellant.

Michael D. Leroy, of Earl L. Neal & Associates, of Chicago, for appellee.

JUSTICE PINCHAM delivered the opinion of the court:

Plaintiff, the Board of Education of the City of Chicago (the Board), brought this declaratory action to obtain the court's construction of an 89-year ground lease and a declaration of the rights in the property of the Board as lessor and defendant, Edward Gorenstein, as lessee. Gorenstein also filed a declaratory action in which he also sought construction of the lease and a declaration of the rights of the parties. Following an evidentiary hearing, defendant Gorenstein was granted summary judgment. The Board appeals. We affirm.

The undisputed facts are as follows. The subject of this action is a building constructed over 75 years ago and presently occupied by five commercial stores on the first floor. The second floor is uninhabitable and vacant. At all times pertinent to this litigation the Board owned in fee simple absolute land on which the building is situated. On June 27, 1986, the Board entered into an indenture to lease this land to Edward H. Van Ingen under the terms and conditions of an 89-year ground lease which commenced on May 8, 1896, and expired on May 8, 1985. The ground lease provided that the lessee was obligated to "erect, finish and complete at his own expense *** upon [and land] a

building in a good and suitable manner \*\*\* at a minimum cost of fifty thousand dollars ($50,000.)" Van Ingen constructed a class D building of average quality on the land. On October 17, 1966, defendant Gorenstein acquired a leasehold interest in the premises through mesne conveyances.

Article 6 of the ground lease between the Board and Gorenstein in pertinent part states:

"Provided, However, that in the case the said building shall be destroyed or damaged, at any time during the last five years of the term of this lease, the said lessee *may, at his option,* either rebuild or repair the said building as aforesaid, or allow the said building to remain in the condition in which it is for the remainder of said term. This provision, however, to in no way effect [*sic*] the liability of the lessee to carry out the other provisions of this lease. Said building, so damaged, *to be appraised in the same manner as hereinbefore provided."* (Emphasis added.)

Article 18 of the ground lease, in pertinent part, states as follows:

"[L]essee, having fully performed all the covenants and agreements in this lease contained on his part to be performed, shall have the right, at any time within 30 days from the expiration of the said term, to appoint an appraiser \*\*\* and upon notice of such appointment in writing, said lessor shall appoint a third appraiser \*\*\* and said three appraisers so appointed shall appraise the actual cash value of any and all buildings and improvements then on said premises exclusive of and not including the value of the land or ground at the terms of the appraisement so made, and shall \*\*\* notify in writing the said lessor and lessee of the appraisal so made by them, and the decision of the said appraisers or any two of them shall be final and binding."

Pursuant to the terms of article 18 of the ground lease, Gorenstein formally notified the Board, by a letter dated April 24, 1985, that he had appointed an appraiser; the Board formally notified Gorenstein, by a letter dated May 21, 1985, that the Board had appointed an appraiser; and the court, by a general order dated June 14, 1985, appointed an appraiser. In a formal report dated November 12, 1985, and addressed jointly to the Board, Gorenstein and the circuit court of Cook County probate division, the three appraisers issued a unanimous opinion that the actual cash value of the building was $250,000. The Board thereafter advised Gorenstein that the Board "disagreed with the opinion of the three appraisers" and that

the Board did not intend to pay Gorenstein $250,000 for the building.

Both parties filed motions for summary judgment, but the Board later withdrew its motion for summary judgment, stating that it had found new evidence which raised a genuine issue of material fact about the appraisal report.

In count I of its amended complaint the Board alleged:

"The opinion of the appraisers is null, void and of no effect for the following reasons: the appraisers failed primarily to confine themselves to the subject matter of the appraisal; founded their opinion on a mistaken assumption of authority; made a fundamental mistake in arriving at their opinion greater than mere error of judgment; stated in the appraisal report that economic obsolescence had been taken into consideration in determining depreciation when in fact it had not; and arrived at a value so grossly excessive as to constitute fraud on the Board.

Specifically:

(1) The appraisers failed to properly determine the 'actual cash value' of the [building] in that they failed to consider the actual present value of the [building] but rather determined a hypothetical value unrelated to [its] present value;

(2) The appraisers improperly used a depreciated replacement cost approach to determine the value of the [building];

(3) The appraisers improperly failed to consider the economic depreciation of the [building];

(4) The appraisers failed to consider the fact that [buildings] have a remaining economic life of no more than five years ***."

The Board further alleged that the Board was therefore not obligated to pay Gorenstein $250,000 for title to the building and requested, *inter alia*, that the court either order a new appraisal or that the court make a determination of the actual cash value of the building on the basis of the evidence presented to the court.

In count II of its amended complaint the Board alleged that the second floor of the building had been damaged by fire, had not been repaired and was vacant and uninhabitable. The Board added that according to article 6 of the ground lease Gorenstein was not required to repair or refinish the damage caused by the fire because the fire had occurred within five years of the expiration of the ground lease. The Board alleged further that the building also suffered from the following other items of disrepair and neglect which were unrelated to the fire damage:

"(a) The second floor is presently filled with debris;

(b) the stairway to the second floor needs considerable repair work;

(c) the basement is not in use and has collected debris over the past several years;

(d) all of the stairwells are in poor physical condition and need to be replaced;

(e) the walls in the stairwell need to be repaired;

(f) the exterior masonry is in need of tuckpointing and repair to the coping;

(g) the condition of the electrical and plumbing systems are [*sic*] uncertain;

(h) the condition of the fire escape on the north wall is uncertain;

(i) the condition of the three roof mounted signs are [*sic*] uncertain."

Citing article 18 of the ground lease, the Board argued that Gorenstein breached the lease because, as lessee, he was required to surrender the building to the purchaser in "good condition and repair," but that, according to the appraisal report, the building was in "fair condition" and that Gorenstein had therefore forfeited his right to be compensated for the actual cash value of the building.

The trial judge held that the Board had failed to either sufficiently raise an issue of misrepresentation by Gorenstein, or to allege or demonstrate any false statement made by the appraisers, intent to defraud the Board or the Board's reliance upon any false statement. Finding there were no genuine issues of material fact, the trial judge granted Gorenstein's motion for summary judgment.

On appeal, the Board first contends that the trial court erred in granting Gorenstein's motion for summary judgment because the Board raised genuine issues of material fact as to whether Gorenstein complied with all of his material obligations under the lease regarding the condition of the building upon expiration of the lease. We disagree.

■■ ■ Summary judgment is precluded where there is a dispute over material evidentiary facts (*Novak v. Equitable Life Assurance Society of the United States* (1968), 101 Ill. App. 2d 392, 243 N.E.2d 269), and the court, in determining the appropriateness of summary judgment, should consider only material evidentiary facts and not conclusions of law. (*Zannis v. Lake Shore Radiologists, Ltd.* (1982), 104 Ill. App. 3d 484, 432 N.E.2d 1108.) Gorenstein admitted that the lease required the lessee, Gorenstein, to maintain the building until the lease expired in 1985, at which time the building was to be conveyed

to the Board for its appraised value "in good condition and repair, ordinary wear and tear, depreciation and decay excepted"; that, in the event the building was damaged within the last five years of the lease term, Gorenstein had the "option" to repair the damage; and that if Gorenstein opted not to repair the damage the building would be appraised as damaged. Gorenstein also admitted the existence of each of the aforementioned items of disrepair in the 75-year-old building as alleged in count II of the Board's amended complaint, each of which can be attributed to the "ordinary wear and tear, depreciation and decay" exceptions of the ground lease, which exceptions were unknown and therefore not taken into account by the appraisers when they appraised the building or when they described its condition as "fair" in their appraisal report, as opposed to the requirement of "good condition" in the lease; and Gorenstein also admitted the existence of fire damage to the building's interior, which after repairing the fire damage to the building's structure, Gorenstein opted not to repair. As Gorenstein admitted all these evidentiary facts regarding the condition of the building which the Board alleged in count II of its amended complaint and proved that he substantially complied with all the material terms of the contract (*Fryison v. McGee* (1982), 106 Ill. App. 3d 537, 436 N.E.2d 12), we agree with the findings of the trial court that the Board failed to raise a genuine dispute over the material facts regarding the condition of the building, that further trial to prove these undisputed facts was unnecessary and inappropriate, and that Gorenstein, having substantially complied with the pertinent terms of the lease, was entitled, as a matter of law, to judgment on count II of the Board's amended complaint.

The Board lastly contends that the trial court erred in granting Gorenstein's motion for summary judgment because genuine issues of material fact exist regarding fraudulent misrepresentation and mistake in the appraisal report. Specifically, the Board contends that genuine issues of material fact exist regarding whether the appraisers considered economic obsolescence in determining the actual cash value of the building and whether the appraisers' failure to consider the remaining economic life of the building in their appraisal was a mistake. We disagree.

■■ Fraudulent misrepresentation is a false statement of material fact known or believed to be false by the party making the statement with the intent to induce the reliance of another party on the false statement. (*Glasewski v. Allstate Insurance Co.* (1984), 126 Ill. App. 3d 401, 466 N.E.2d 1151.) In order to raise a genuine issue of material fact by affidavit sufficient to preclude summary judgment,

the affidavit must show on its face that the affiant, if called as a witness, could properly testify to the allegations set forth in the affidavit (*Joseph W. O'Brien Co. v. Highland Lake Construction Co.* (1972), 9 Ill. App. 3d 408, 392 N.E.2d 205), and a hearsay statement does not meet the requirements of a summary judgment affidavit. *Schultz v. American National Bank & Trust Co.* (1976), 40 Ill. App. 3d 800, 352 N.E.2d 310.

■ At the hearing on Gorenstein's motion for summary judgment, the Board's counsel filed an affidavit stating that she had been advised orally by the Board's appraiser, William A. McCann, that the appraisers had falsely claimed to have considered the economic obsolescence of the building in determining the building's depreciation and actual cash value, and that on the basis of this alleged misrepresentation, the Board was amending its original complaint to include an allegation of fraud. The Board's counsel admitted that McCann refused to sign an affidavit stating that the appraisers misrepresented that they had considered economic obsolescence when they appraised the building. We conclude that the trial court correctly held that the Board's counsel was incompetent to attest to the hearsay statement which she attributed to the appraiser, McCann, regarding the method which McCann and the two other appraisers used to determine the actual cash value of the building. We also agree with the finding of the trial court that the affidavit of the Board's counsel, alone, did not constitute "sufficient pleading or proof to establish misrepresentation of fact" and that the Board failed to allege that the appraisers knowingly misrepresented any facts, that the appraisers intended to defraud anyone or that there was any reliance on any misrepresentation in the appraisal report.

■ Additionally, appraisers have wide discretion as to the methods and procedures they may follow in determining values. (*Sebree v. Board of Education* (1912), 254 Ill. 348, 98 N.E. 931.) The Board's contention that the appraisers' failure to consider the concept of the "remaining economic life" of the building constituted a "mistake" which should nullify the appraisal report is wholly unsupported by any authority and without merit. The appraisal report states that the appraisers relied upon the cost approach which they modified by deducting the value of the land from the building, as required by the lease. The appraisal report states, in pertinent part:

> "In the cost approach the building and Improvement in [*sic*] valued separately from the land. In this instance, due to the nature of the assignment, we have not added the value of the land to the depreciated value of the Improvement in arriving at

our final opinion of the actual cash value."

The lease in the instant case does not designate a particular appraisal technique, but rather directs only that the actual cash value of the building be determined by three appraisers chosen by the lessee, the lessor and the court. The Board's objections on appeal to the cost approach used by the three appraisers, who were appointed by Gorenstein, the lessee; the Board, the lessor; and the court, pursuant to the provisions of the lease agreement, and whose determination of the lease stated, "shall be final and binding," are not legally sufficient to preclude Gorenstein's motion for summary judgment.

For the foregoing reasons, we affirm the trial court's findings that the Board failed to raise a genuine issue of material fact regarding breach of the lease by Gorenstein or fraudulent misrepresentation or mistake on the part of the appraisers and that Gorenstein is entitled to judgment as a matter of law.

Affirmed.

MURRAY, P.J., and LORENZ, J., concur.