CHRIS ANDROS, Plaintiff and Counterdefendant-Appellee, *v.* HANSEN REALTY CO., INC., Defendant and Counterplaintiff-Appellant.

Second District (1st Division)   No. 75-448

Opinion filed December 21, 1976.

William H. Greene, of Waukegan, for appellant.

Zukowski, Zukowski, Poper & Rogers, of Crystal Lake, for appellee.

Mr. JUSTICE SEIDENFELD delivered the opinion of the court:

Defendant appeals from a judgment dismissing its counterclaim to plaintiff's complaint for a declaratory judgment. Plaintiff's suit sought to cancel an agreement under which defendant was to act as exclusive sales agent for plaintiff in a development project. Defendant contends that the counterclaim stated a cause of action and that the trial court erred in concluding that it did not.

In plaintiff's complaint he alleged that on August 1, 1972, he and the defendant-counterplaintiff Hansen Realty entered into a written exclusive brokerage agreement in the form of a letter signed by both parties. The letter outlined the agreement with respect to the sales in the Pines subdivision: Mr. Andros would pay a 3% commission on the sale price of a house and lot or a 5% commission on the sale of a vacant site, would build a model home as soon as permits were available, and would provide plans and elevations of typical homes for the use of Hansen Realty. Hansen Realty would be responsible for furnishing brochures, advertising materials, weekly newspaper advertisements, and general merchandising. Hansen was to place an 8' x 8' sign on the site for sales purposes, and to use its best efforts to create sales.

On August 21, 1973, Andros cancelled the brokerage agreement giving no reason. Hansen Realty, on September 11, 1973, wrote Andros indicating that it had a claim for damages for the time and effort expended, as well as out of pocket expenses. It was this letter which prompted Andros to file his suit for declaratory relief.

Hansen Realty, in its answer alleged that the plaintiff failed in his complaint to set forth enough facts to establish that a controversy existed. It also filed a counterclaim alleging in part that the brokerage contract was a continuing brokerage contract since it bore no expiration date; that at the time Andros purchased the property, he induced Hansen Realty to reduce its brokerage commission on the purchase from $8000 to $4000 as a part of the consideration for entering into the brokerage contract of August 1, 1972; that between August 1, 1972, and August 21, 1973, Hansen Realty, in furtherance of the contract, performed various acts on behalf of the counterdefendant and pursuant to the brokerage contract. These acts included attendance at the request of the counterdefendant of two meetings of the Planning Commission of the Village of Libertyville and two meetings of the Libertyville Village Board in connection with securing approval of the subdivision plat; payment for advertising in six different newspapers; erection of the required sign at its own expense; holding of a "sneak" preview "open house" on June 30 and July 1, 1973, at Andros' request; and devotion of in excess of 104 hours to the development and sale of houses in the subdivision. Defendant further alleged that although Andros had promised to construct two model homes, he had not fully completed even one by August 21, 1973; that at the time of the open house, Andros had not completed the model home in a condition suitable to show prospective customers, nor had he landscaped and graded the premises or completed the roads in the subdivision which were access roads to the uncompleted model home; that Andros never furnished the brochures describing the various homes which he had promised to furnish; and that immediately after August 21,

1973, Andros completed the model home and access roads and also advertised the lots and model home through Metra Corporation of which he is an officer. Hansen Realty claimed that because of the unilateral cancellation, it has lost not only the time and money expended but also future and possible sales to customers which it had contacted and has suffered damages amounting to the sum of $9250.

Andros moved to dismiss the counterclaim on the grounds that the counterclaim failed to state a cause of action and that the counterclaim together with the contract disclosed that the contract lacked mutuality and therefore was void and unenforceable. This motion was originally denied; however, after the counterdefendant's answer was filed, the court upon a second motion dismissed the counterclaim for lack of mutuality of contract. Hansen Realty's motion to reinstate the counterclaim on the grounds that even if the contract were void for want of mutuality, it was entitled to recover in *quantum meruit* was denied. The court in its order provided that it was final and appealable. However, the order did not contain the finding that there was no just reason for delaying enforcement or appeal required by Supreme Court Rule 304 if a judgment involves fewer than all parties or claims. See Ill. Rev. Stat. 1973, ch. 110A, par. 304(a).

While both parties seem to assume jurisdiction here, this court must determine the issue. The failure of the trial court to incorporate in its order a finding that there was no just reason for delaying enforcement or appeal as required by Supreme Court Rule 304 is not necessarily fatal.

■■ The appealability of an order lies in the substance and not the form of the judgment or order. (See *Peach v. Peach,* 73 Ill. App. 2d 72, 78 (1966), *leave to appeal denied.*) Supreme Court Rule 304(a) is intended to apply wherever a final judgment determines fewer than all the rights and liabilities of all of the parties. (*Ariola v. Nigro,* 13 Ill. 2d 200, 207 (1958).) In those cases the express written finding that there is no just reason for delaying enforcement or appeal makes that kind of final judgment appealable. (Ill. Ann. Stat., ch. 110A, par. 304(a), Committee Comments (Smith-Hurd 1969).) Where, however, all of the rights and liablities at issue are disposed of in a final order the finding stated in Supreme Court Rule 304(a) is not required for appeal.

■■ Here, in effect, the defendant's counterclaim spoke to the same rights and liabilities which were involved in the plaintiff's complaint. The plaintiff in his complaint merely sought a declaration of the defendant's rights after the purported cancellation. When the court dismissed the defendant's counterclaim, it determined the rights and liabilities of the parties and thus in effect granted the plaintiff the sole relief he sought. Accordingly, we will treat the order as final and appealable.

■■ We therefore reach the issue whether under the defendant's

pleading any set of facts can be proved which would entitle him to relief. (*Courtney v. Board of Education,* 6 Ill. App. 3d 424, 425 (1972).) We find that the defendant's pleadings stated a cause of action which should be submitted to the trier of fact to decide on proofs.

■■ It is true that a unilateral agreement can be cancelled at any time before performance by the other party. We are also aware of Illinois cases holding that a promise merely to devote one's best efforts is not sufficient to prevent a cancellation by the other party at any time since such a contract insofar as it is executory is void for want of mutuality. (See, *e.g.*, *Kraftco Corp. v. Koblus,* 1 Ill. App. 3d 635, 639-40 (1971).) However, here the pleadings, if supported at trial by proper evidence, would allow the court to find a binding contract, supported by mutual promises because Hansen Realty promised to do more than merely exercise its best efforts. Or if under proofs it were shown that the plaintiff had the right to cancel the agency after services were rendered under it, the counterplaintiff could be entitled to a recovery in *quantum meruit. Nicholson v. Alderson,* 347 Ill. App. 496, 507-08 (1952).

■■ In addition, if in fact, as pleaded by the Hansen Realty, it reduced its commission by $4000 in return for receiving the brokerage appointment, the agency could be shown to be irrevocable, since given for valuable consideration. See *Walker v. Denison,* 86 Ill. 142, 145 (1877).

■■ Finally, the counterclaim is sufficient to raise the issue whether there was an implied agreement that Hansen Realty be paid for such services as attending the zoning meetings. *Board of Highway Commissioners v. City of Bloomington,* 253 Ill. 164, 174 (1911); *First National Bank v. Glenn,* 132 Ill. App. 2d 322, 324 (1971).

The plaintiff's belated contention on appeal that the counter-complaint was improper in form since the various causes of action were not separately designated and numbered cannot be considered on appeal since it was not raised below.

For the foregoing reasons, the judgment of the trial court is reversed and the case remanded for further proceedings.

Reversed and remanded for new trial.

GUILD, P. J., concurs.