LYNCH IMPORTS, LTD., Plaintiff-Appellee, v. JOSEPH B. FREY *et al.*, Defendants-Appellants.

First District (5th Division)   No. 1—88—3229

Opinion filed June 29, 1990.

Robert J. Emery, of Northbrook, for appellants.

Joseph R. Marconi and Edward M. Ordonez, both of Johnson, Cusack & Bell, Ltd., of Chicago, for appellee.

JUSTICE GORDON delivered the opinion of the court:

Defendants, Joseph and Stephanie Frey (buyers), appeal from an order of the circuit court of Cook County, granting summary judgment on the complaint of plaintiff, Lynch Imports, Ltd. (seller). Count I of the complaint sought damages in the sum of $8,706 for the breach of an automobile sales contract, while count II sought damages of $4,706 for wrongful stoppage of a check. We reverse and remand.

On October 22, 1987, buyers agreed to purchase a 1987 Volkswagen automobile from the seller for the price of $8,706. The agreement was set forth in a "CAR PURCHASE ORDER" form (hereinafter referred to as purchase contract). The following words were handwritten on the purchase contract: "car to be in totally acceptable condition or money will be refunded to the customer," and "acceptable subject to inspection."

On October 24, buyers took possession of the vehicle and paid seller $4,706, in the form of a check, as part payment on the purchase price. The balance of the purchase price was to be financed. Two riders which were attached to and made part of the purchase contract were also signed. Of the two, rider 2 is significant for purposes of this appeal and provided in pertinent part:

> "(1) Buyer, at buyer's cost will have the vehicle fully covered under liability and collision automobile insurance from the instant that buyer takes possession ***."

> "It is expressly understood that this rider does not authorize buyer to return said vehicle to the seller without seller's prior authorization. Automobiles are not sold on approval; no sales person or other employee of seller is ever authorized to sell a vehicle with a condition that the buyer may later return it."

About two to three days thereafter, the buyers brought the vehicle to the seller so that the air conditioner could be installed. When they returned in the evening to pick up the vehicle, they were informed that the air conditioner had been installed, but that the vehicle sustained body damage in an accident. The buyers refused to take delivery of the automobile vehicle because of the damage and demanded that a new and undamaged vehicle be substituted. When the seller refused, buyers stopped payment on the check and cancelled their application for financing the balance of the purchase price. The seller then filed its complaint in the circuit court of Cook County.

In response, the buyers moved to dismiss the complaint and the action pursuant to sections 2—615 and 2—619 of the Illinois Code of Civil Procedure (Ill. Rev. Stat. 1987, ch. 110, pars. 2—615, 2—619), alleging, among other things, that the purchase contract was expressly made conditional upon the automobile being in acceptable condition and they had not accepted the automobile. The buyers also filed a counterclaim seeking damages of $1,330.35 alleging that the seller breached the purchase contract when it failed to deliver an acceptable car. The damages claim was for the difference between the contract price of the Volkswagen and the price paid by the buyers when they subsequently purchased a similar automobile from another dealer.

The seller then moved for summary judgment on its complaint and filed an answer to the counterclaim. According to the affidavit of Daniel Lynch, the seller's general sales manager, before buyers drove the vehicle off seller's premises, the seller acknowledged to the buyer, Joseph Frey, that the vehicle did not have an air conditioner as required under the contract, and requested that he bring the vehicle back at a later date so that the air conditioner could be installed. The counteraffidavit of Joseph Frey, filed with buyers' response to the motion, denied having any such conversation with Lynch. On May 25, 1988, the trial court entered an order, granting summary judgment in favor of the seller on each count of the complaint and denying buyers' sections 2—615 and 2—169 motions. This order, however, was silent as to buyers' pending counterclaim and made no express written finding that there was no just reason to delay enforcement or appeal.

The buyers thereupon moved for a reconsideration of the summary judgment order and sought to amend their answer and counterclaim. In their motion to reconsider the summary judgment and by their proposed amended answer, the buyers sought to correct, among other things, the failure of the summary judgment order to provide for the resale value of the damaged vehicle which apparently remained in the seller's possession. Among the amendments sought in

the counterclaim was the addition of a count which sounded in bailment and sought recovery from the seller for the damages sustained to the vehicle while in its possession.

On September 30, 1988, the buyers' motions to reconsider the summary judgment and to amend their answer and counterclaim were denied. Subsequently, the buyers filed their appeal from the order of May 25, 1988, granting the seller summary judgment on counts I and II of its complaint.

■ While both parties assume that we have jurisdiction to consider the merits of this appeal, a reviewing court has a duty to consider the jurisdictional issue (*Ferguson v. Riverside Medical Center* (1985), 111 Ill. 2d 436, 490 N.E.2d 1252), even though it was not raised by either party. (*Mar Cement, Inc. v. Diorio Builders, Inc.* (1987), 153 Ill. App. 3d 798, 506 N.E.2d 381.) We therefore must address the jurisdictional issue.

■ Supreme Court Rule 34(a) (107 Ill. 2d R. 304(a)) provides that where multiple claims for relief are involved in an action, an appeal may be taken from a final judgment as to one or more but fewer than all of the claims only if the trial court has made an express written finding that there is no just reason for delaying enforcement or appeal. Appealability, however, lies in the substance and not the form. (*Andros v. Hansen Realty Co.* (1976), 44 Ill. App. 3d 635, 358 N.E.2d 664.) Thus, where the rights and liabilities in a complaint and counterclaim are identical, an order disposing of the one would, in effect, dispose of the other, and a finding under Rule 304(a) would not be required for appeal. *Andros v. Hansen Realty Co.* (1976), 44 Ill. App. 3d 635, 358 N.E.2d 664; see also *International Industrial Leasing, Ltd. v. H.J. Coleman & Co.* (1978), 66 Ill. App. 3d 884, 384 N.E.2d 1.

■ In the case at bar, seller's complaint sought to recover the purchase price of an automobile from the buyers. The buyers, in their counterclaim, sought damages resulting from the alleged failure of the seller to deliver an "acceptable" car which they therefore had a right to reject. Thus the counterclaim of the buyers is predicated upon the same grounds as their defense to the seller's complaint. Therefore, the order granting summary judgment in favor of the seller's complaint necessarily entailed the disposition of the issues raised in the counterclaim as well. See *International Industrial Leasing, Ltd. v. H.J. Coleman & Co.* (1978), 66 Ill. App. 3d 884, 384 N.E.2d 1; *Andros v. Hansen Realty Co.* (1976), 44 Ill. App. 3d 635, 358 N.E.2d 664.

Because the trial court's order necessarily disposed of the issues raised in the buyers' counterclaim, a Rule 304(a) finding was therefore not required, and we turn next to the merits of this appeal.

■ Buyers contend that it was an error for the trial court to grant summary judgment in favor of seller because there still remained issues of material fact precluding summary judgment. Summary judgment is appropriate where pleadings, depositions and admissions on file together with affidavits, if any, show that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law. (Ill. Rev. Stat. 1987, ch. 110, par. 2—1005.) Where the facts are undisputed and can lead to but a single conclusion, a trial court may properly enter a summary judgment. *Novak v. Equitable Life Assurance Society of United States* (1968), 101 Ill. App. 2d 392, 243 N.E.2d 269.

The buyers contend that there is an issue of material fact as to whether they "accepted" the vehicle on October 24. Buyers argue that they did not "accept" the vehicle and therefore had the right to reject it, which they properly did, when it was damaged upon its return to the seller to install the air conditioner. The seller maintains that no fact issues exist to negate the conclusion that buyers accepted the car when they took possession on October 24. We agree with the buyers.

■ Under the provisions of section 2—606 of the Uniform Commercial Code (Ill. Rev. Stat. 1987, ch. 26, par. 2—606), acceptance is deemed to have occurred when the buyer either signifies that the vehicle was conforming or "takes or retains" the vehicle in spite of its nonconformity. Section 2—606 provides in pertinent part:

"(1) Acceptance of goods occurs when the buyer

(a) after a reasonable opportunity to inspect the goods signifies *** that the goods are conforming or that he will take or retain them in spite of their non-conformity." Ill. Rev. Stat. 1987, ch. 26, par. 2—606(1)(a).

Seller's motion for summary judgment was predicated upon the affidavit of the general manager, Daniel Lynch. His affidavit avers that the buyer, Joseph Frey, signed two riders to the purchase agreement at the time buyers took possession of the vehicle on October 24, 1987. Paragraphs 9 and 10 of that affidavit further stated as follows:

"9. At the time Mr. Frey took the vehicle, affiant had a conversation with Mr. Frey in which Mr. Frey acknowledged that the air conditioner was not installed in the vehicle and that Mr. Frey was taking it in spite of the omission of the air conditioner. It was agreed by affiant and Mr. Frey that Mr. Frey would return the vehicle to Lynch Imports, Ltd., at a later date for the installation of the air conditioner.

10. On October 24, 1987, just prior to his taking the vehicle,

Joseph B. Frey gave to affiant a check in the amount of $4,706.00 as partial payment of the purchase price. It was agreed that the balance of the purchase price was to be financed. Affiant was informed by Mr. Frey that financing of the balance had been arranged."

The buyers filed a counteraffidavit of Joseph Frey in which he denied that Lynch was personally present at the signing of any documents regarding the sale and further denied that he ever had any conversation with Lynch regarding the omission of the air conditioner and regarding the obtaining of financing. No additional affidavits were filed by the sellers.

■■ The contradiction between the Lynch affidavit and counteraffidavit of Frey cannot be ignored. The challenge to Lynch's asserted presence at critical phases of the transaction and his alleged participation in material conversations with the buyer precludes a resolution of the "acceptance" issue by summary adjudication. It raises an issue concerning the credibility of the seller's affiant which is not to be resolved on a motion for summary judgment. See *State Farm Mutual Automobile Insurance Co. v. Short* (1970), 125 Ill. App. 2d 97, 260 N.E.2d 415; *Becke v. Fred A. Smith Lumber Co.* (1973), 9 Ill. App. 3d 563, 292 N.E.2d 572.

Furthermore, over and above the general issue of credibility, the conflict between the Lynch affidavit and the counteraffidavit of Frey creates a crucial factual issue as to the expressed understanding between the parties when buyers took possession of the vehicle which precludes summary adjudication. (See *Szczesny v. W.G.N. Continental Broadcasting Corp.* (1974), 20 Ill. App. 3d 607, 315 N.E.2d 263; *Wegener v. Anna* (1973), 11 Ill. App. 3d 316, 296 N.E.2d 589.) Even the fact that the buyers were notified of the omitted air conditioner cannot be acknowledged for purposes of the seller's motion for summary judgment except through the contradicted portion of the Lynch affidavit.

■■ ■ The uncertainty as to what transpired between the parties when the buyers took possession of the vehicle is of particular significance in view of the fact that the original purchase order contained the handwritten phrases: "car to be in totally acceptable condition or money will be refunded to customer" and "acceptance subject to inspection." Section 1—202 of the Uniform Commercial Code (Ill. Rev. Stat. 1987, ch. 26, par. 1—202) provides that the effect of the provisions of the Uniform Commercial Code may be varied by agreement. As presently postured, the handwritten notations in the purchase agreement are sufficient to raise an inference that buyers did not in-

tend to waive their right to defer acceptance until the vehicle was brought to full conformity, even though they took interim possession of the vehicle. See *United Air Lines, Inc. v. Conductron Corp.* (1979), 69 Ill. App. 3d 847, 387 N.E.2d 1272.

In *United Air Lines, Inc. v. Conductron Corp.* (1979), 69 Ill. App. 3d 847, 387 N.E.2d 1272, a buyer obtained summary judgment against a seller where a fire destroyed a simulator more than 30 days after it was delivered to the buyer. At the time of delivery, the buyer was aware of a large number of defects in the goods but took possession in order to have interim use and to conduct further tests. The parties provided by express contract that acceptance was to be predicated upon successful completion of acceptance testing and on receipt of FHA approval. The court held the express contract anticipated provisional use by the buyer and was controlling. Similarly, in the present case, the express provision that "acceptance was subject to inspection" and that the car was to be "in totally acceptable condition" should at the very least suffice to raise a question of fact as to whether the buyers, in taking possession, waived their right under the agreement as well as under the Uniform Commercial Code (Ill. Rev. Stat. 1987, ch. 26, par. 2—601(a)) to reserve acceptance until the nonconformity in the vehicle was cured.

■ Contrary to the seller's contention, this question of fact as to whether the buyers waived their right to defer acceptance is not resolved by the execution of rider 2. As previously noted, rider 2 provides for the buyers to obtain insurance upon taking possession and further states:

> "It is expressly understood that this rider does not authorize buyer to return said vehicle to seller without seller's prior authorization. Automobiles are not sold 'on approval'; no salesperson or other employee of seller is ever authorized to sell a vehicle with the condition that the buyer may later return it."

Where different instruments are executed by the same parties in the course of the same transaction, they are to be read and construed together. (*Burgener v. Gain* (1981), 101 Ill. App. 3d 699, 428 N.E.2d 722.) Where the two instruments are not fully integrated and consistent, the intent of the parties may be clarified by reference to the facts surrounding the execution of the documents. *Burgener*, 101 Ill. App. 3d at 702, 428 N.E.2d at 725-26.

■ Under section 2—509 of the Uniform Commercial Code (Ill. Rev. Stat. 1987, ch. 26, par. 2—509), the risk of loss does not pass to the buyer until the buyer accepts the goods, even though the buyer obtains an insurable interest under section 2—501 (Ill. Rev. Stat.

1987, ch. 26, par. 2—501) after the goods are identified to the purchase contract. Thus rider 2, which provides for the buyer to obtain insurance, is not conclusive on its face to pass the risk of loss of the buyer. Here the only evidence concerning the execution of rider 2 and of any conversations surrounding the removal of the vehicle by the buyers is in the contested portion of the Lynch affidavit and therefore inappropriate for summary judgment consideration.

The rule is clear that in determining whether a summary judgment is warranted, the affidavits of the movant must be construed strictly and those of respondent, liberally. (*Sampson Co. v. Mandel Brothers, Inc.* (1954), 3 Ill. App. 2d 92, 120 N.E.2d 571.) The rights of the movant must be free from doubt or opposing inference. (*Doran v. Pullman Standard Car Manufacturing Co.* (1977), 45 Ill. App. 3d 981, 360 N.E.2d 440.) Moreover, even if the challenged arguments in the Lynch affidavit could have properly been considered, the determination of subjective act questions, such as waiver and intent, strains the use of summary judgment. "Where the inferences which the parties seek to have drawn deal with questions of motive, intent, or subjective feelings and reactions, summary judgment is particularly inappropriate." *Schuster v. East St. Louis Jockey Club, Inc.* (1976), 37 Ill. App. 3d 483, 487, 345 N.E.2d 168, 172.

Since there are material issues of fact as to whether the buyers accepted the vehicle when they took possession, there is no need to determine whether buyers could have revoked their acceptance after returning the car to the seller to enable the seller to install the air conditioner to cure the original nonconformity. (See sections 2—607 and 2—608 of the Uniform Commercial Code (Ill. Rev. Stat. 1987, ch. 26, pars. 2—607, 2—608).) Nor is there further need at this time to determine whether the buyers properly preserved their right on appeal to correct the award of overlapping damages under counts I and II of seller's complaint and the refusal of the trial court to permit amendment of buyers' answer and counterclaims.

For the foregoing reasons, the judgment of the circuit court of Cook County is reversed and remanded.

Reversed and remanded.

COCCIA, P.J., and MURRAY, J., concur.